# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) Case No. 08-28225, *et al.* |
| LANCELOT INVESTORS FUND, L.P., *et al.* | ) (Jointly Administered) |
| | ) |
| Debtor. | ) Hon. Jacqueline P. Cox Presiding |
| _____ | ) **Hearing: Oct. 28, 2009 at 9:30 a.m** |

## NOTICE OF MOTION

**TO: ATTACHED SERVICE LIST:**

      PLEASE TAKE NOTICE that on **October 28, 2009, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox or any other judge sitting in her stead in Room 619 of the United States Bankruptcy Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached **Seventh Supplemental Motion of the Trustee for Entry of an Order Pursuant to Sections 105(a) and 704(a) of the Bankruptcy Code and Bankruptcy Rule 2004, Authorizing the Trustee to Issue Subpoenas and Conduct Examinations of Certain Persons**, at which time and place you may appear if you see fit.

      *RONALD R. PETERSON, not individually but as chapter 7 Trustee for the bankruptcy estate of each of the above-captioned debtors.*

      BY:     /s/ *Ronald R. Peterson*
           Ronald R. Peterson

Ronald R. Peterson (2188473)
Michael S. Terrien (6211556)
Andrew S. Nicoll (6283630)
JENNER & BLOCK, LLP
330 N. Wabash
Chicago, Illinois 60611
PH: 312/222-9350
FAX: 312/527-0484

Dated: October 21, 2009

# CERTIFICATE OF SERVICE

I, Ronald R. Peterson, an attorney, hereby certify that on October 21, 2009, a copy of the **Seventh Supplemental Motion of the Trustee for Entry of an Order Pursuant to Sections 105(a) and 704(a) of the Bankruptcy Code and Bankruptcy Rule 2004, Authorizing the Trustee to Issue Subpoenas and Conduct Examinations of Certain Persons** and the related **Notice of Motion** were served upon the parties on the attached **Service List**, by the Court's CM/ECF system in accordance with the Administrative Procedures for the Case Management/Electronic Case Filing System for the Northern District of Illinois.

                                                 */s/Ronald R. Peterson*
                                                 Ronald R. Peterson

## SERVICE LIST

Lancelot Investors Fund, L.P., *et al.*
c/o Nancy G. Everett
Winston & Strawn LLP
*Through the Court's ECF Filing System*

William T. Neary
United States Trustee
*Through the Court's ECF Filing System*

Banco Popular North America
c/o Mike J. Small Esq.
Foley & LardnerLLP
*Through the Court's ECF Filing System*

Charter One - Loan
c/o Douglas Lipke
Vedder Price
*Through the Court's ECF Filing System*

Lancelot Investment Management, LP
c/o Vincent P. Schmeltz III
Dewey & LeBoeuf LLP
*Through the Court's ECF Filing System*

Nancy G Everett
Winston & Strawn LLP
*Through the Court's ECF Filing System*

ACE USA and Westchester Fire Insurance Co.
c/o Gregory S. Otsuka
*Through the Court's ECF Filing System*

Winston & Strawn
c/o Nancy G. Everett
*Through the Court's ECF Filing System*

Colossus Capital Management, LP
c/o Vincent P. Schmeltz III
Dewey & LeBoeuf LLP
*Through the Court's ECF Filing System*

Daniel B. Asher
c/o Richard G. Ziegler
Mayer Brown LLP
*Through the Court's ECF Filing System*

RBS Citizens N.A.
c/o Doug J. Lipke
Vedder Price
*Through the Court's ECF Filing System*

Victory Park Capital Advisors, LLC
c/o Scott R. Zemnick
*Through the Court's ECF Filing System*

Mesirow Financial Consulting LLC
c/o Nancy A. Peterman
Greenberg Traurig, LLP
*Through the Court's ECF Filing System*

Fox, Hefter, Swibel, Levin & Carroll, LLP
c/o Margaret M. Anderson, Oliver J. Larson, Ryan Schultz
*Through the Court's ECF Filing System*

Pragma Alternative SGR S.p.a.
c/o Patrick F. Ross
Ungaretti & Harris LLP
*Through the Court's ECF Filing System*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) Case No. 08-28225, *et al.* |
| LANCELOT INVESTORS FUND, L.P., *et al.* | ) (Jointly Administered) |
| | ) |
| Debtor. | ) Hon. Jacqueline P. Cox Presiding |
| _____ | ) **Hearing: Oct. 28, 2009 at 9:30 a.m** |

**SEVENTH SUPPLEMENTAL MOTION OF THE TRUSTEE FOR
ENTRY OF AN ORDER PURSUANT TO SECTIONS 105(a) AND 704(a)
OF THEBANKRUPTCY CODE AND BANKRUPTCY RULE 2004,
AUTHORIZING THE TRUSTEE TO ISSUE SUBPOENAS AND CONDUCT
EXAMINATIONS OF CERTAIN PERSONS**

Ronald R. Peterson, not individually but as chapter 7 Trustee (the "Trustee") for the bankruptcy estates of each of the debtors in the cases consolidated into the above captioned matter (the "Debtors"), hereby moves this Court (this "Motion") for entry of an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, authorizing the Trustee to issue subpoenas to, and conduct examinations of, certain persons in furtherance of his duties under section 704(a) of the Bankruptcy Code. In support of this Motion, the Trustee states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicate for the relief requested herein is sections 105(a) and 704(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2004.

**Background**[1]

3. On October 20, 2008, the Debtors filed a petition for relief under chapter 7 of title 11 of the United States Code (the "Cases"). Thereafter, the United States Trustee for the Northern District of Illinois appointed Ronald R. Peterson as Trustee.

4. All of the factual background on the Debtors and their Estates set forth herein is on information and belief, based upon the Trustee's discussions with the Debtors' professionals, creditors and investors, publicly available news reports and court documents, the schedules and statements filed by the Debtors' management companies, and a review of the as yet incomplete materials related to the Debtors that the Trustee has been successful in obtaining.

5. The Debtors consist of 19 related entities engaged in the operation of hedge funds. The 19 entities consist of five funds, Lancelot Investors Fund, L.P. ("Lancelot I"), Lancelot Investors Fund II, L.P. ("Lancelot II"), Lancelot Investors Fund, Ltd. ("Lancelot Offshore"), Colossus Onshore and Colossus Capital Fund, Ltd. ("Colossus Offshore," and together with Lancelot I, Lancelot II, Lancelot Offshore, and Colossus Onshore, the "Funds"). The remaining 14 entities are special purpose vehicles, wholly owned by one or more of the Funds, through which the Funds conducted various types of lending transactions.

6. As of October 11, 2008, the Debtors collectively purportedly had assets with a value of approximately $1.8 billion. Of that, approximately $1.444 billion in face amount of the Debtors' purported assets purportedly consisted of loans to or investments in Petters Group Worldwide and related entities (the "Petters Notes").

---

[1] The following background is provided upon information and belief, based upon the facts as known to the Trustee and his counsel. The Trustee's investigation of the Debtors remains ongoing, and this information is subject to confirmation as further facts are ascertained.

2

       7.       In addition, as of the Petition Date, the Debtors also held (i) loans in the face amount of approximately $50.304 million due from several "by here/pay here" used car dealerships; (ii) a loan in the face amount of approximately $1.14 million to Symco, an entity that provides maintenance services for check scanning equipment; (iii) participations in thirteen real estate loan facilities with a total face amount of approximately $94.229 million; (iv) loans and receivables on which Petters affiliate Polaroid Corporation or its affiliates are obligated in the approximate face amount of $17.070 million; (v) investments in several other funds with approximate face amounts aggregating to $28.982 million; and (vi) a frozen bank account at Charter One, N.A. in the approximate amount of $6.8 million.[2]

**Relief Requested**

       8.       By this Motion, the Trustee requests that this Court enter an order authorizing, but not directing, the Trustee to demand the production of documents and conduct examinations under oath of the persons set forth on Exhibit A hereto by issuance of a subpoena pursuant to Bankruptcy Rule 2004, in furtherance of the Trustee's duties under section 704(a) of the Bankruptcy Code.

---

[2] This listing is simply a summary of known assets with the potential for monetization in the near term. It is not intended to be exhaustive. It does not, for example, include contingent recoveries that may arise from claims and causes of action held by the Debtors, or other miscellaneous assets.

**Basis for Relief**

9. Section 704(a) of the Bankruptcy Code provides that a trustee appointed in a chapter 7 case shall "investigate the financial affairs of the debtor" and shall "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest."  11 U.S.C. § 704(a)(1) and (4).

10. Section 105(a) of the Bankruptcy Code empowers this Court with the authority to assist the Trustee in carrying out his duties, providing that this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Code.  11 U.S.C. § 105(a).

11. Thus, consistent with the Court's broad authority under section 105(a) to enforce the Code, and in furtherance of Trustee's important duties under section 704(a), Bankruptcy Rule 2004 provides that "[o]n motion of a party in interest, the court may order the examination of any entity."  Fed. R. Bankr. P. 2004(a).

12. Bankruptcy Rule 2004 further provides that the scope of this examination may relate, among other things, to "the acts, conduct, or property or to the liabilities and the financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."  Fed. R. Bankr. P. 2004(b).

13. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Bankruptcy Rule 9016, which incorporates the Federal Rules of Civil Procedure into cases under the Code, and as an officer of this Court, an attorney may issue and sign a subpoena on behalf of the Court.  Fed. R. Bankr. P. 2004(c).

4

14. It is generally recognized that "the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted." *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985). Because "the primary purpose of a Rule 2004 examination is to permit the trustee to quickly ascertain the extent and location of the estate's assets," courts have acknowledged that Rule 2004 allows for a "fishing expedition" not limited to the debtor's agents but extending to creditors and third parties who have had dealings with the debtor, without the limits as to scope placed upon examinations under the Federal Rules of Civil Procedure. *Id.*; *see also In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("courts have recognized that Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions"), *quoted in Pontikes v. Sip Claimants (In re Comdisco, Inc.)*, Nos. 06 C 1535, 2006 WL 2375458, at *6 (N.D. Ill. Aug. 14, 2006); *In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R. 376, 380 (Bankr. N.D. Ill. 1996) ("Generally, a Rule 2004 examination is a broad 'fishing expedition' into a party's affairs for the purpose of obtaining information relevant to the administration of the bankruptcy estate").

15. In this instance, the Trustee seeks to gather information to determine whether the Debtors' estates may also have claims against third parties for the avoidance of fraudulent transfers and other causes of action, which may improve creditors' recoveries if successfully pursued.

16. The two persons the Trustee seeks to conduct Rule 2004 examinations of are employees of Swiss Financial Services, Inc. The Court has previously entered an Order giving the Trustee the authority to issue a subpoena and conduct an examination of Swiss Financial Services, Inc. (Doc. No. 17). The Trustee seeks to conduct a Rule 2004 examination

5

on these two persons because the Trustee believes they may have specific knowledge regarding certain claims the Trustee may have against third parties.

17. Time is of the essence, therefore, in ascertaining information related to these matters.

18. It is therefore necessary and appropriate for this Court to authorize the Trustee to issue subpoenas for testimony and documents and to conduct examinations in furtherance of his duties under the Code.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order substantially in the form of the attached Proposed Order, authorizing the Trustee to issue subpoenas to, and conduct examinations of, the parties listed on Exhibit A hereto as necessary to further the Trustee's investigation of the Debtors' estates, and grant such other and further relief as this Court deems just.

*RONALD R. PETERSON, not individually but as chapter 7 Trustee for the bankruptcy estates of each of the debtors in the cases consolidated into the above captioned matter.*

**By**: _____*/s/ Ronald R. Peterson*_____
Ronald R. Peterson

Ronald R. Peterson (2188473)
Michael S. Terrien (6211556)
Andrew S. Nicoll (6283630)
JENNER & BLOCK, LLP
330 N. Wabash
Chicago, IL 60611
PH:   312/222-9350
FAX:  312/527-0484

*Counsel for the Trustee*

Dated: October 21, 2009

6