# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) Case No. 08-28225, *et al.* |
| LANCELOT INVESTORS FUND, L.P., *et al.* | ) (Jointly Administered) |
| | ) |
| Debtor. | ) Hon. Jacqueline P. Cox Presiding |
| | ) |

## NOTICE OF MOTION

TO:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on **February 11, 2010, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox or any other judge sitting in her stead in Room 619 of the United States Bankruptcy Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached **Final Fee Application Of Michele M. Rocawich, As Special Counsel For The Trustee, For Payment Of Compensation For Services Rendered**, at which time and place you may appear if you see fit.

JENNER & BLOCK LLP

BY:      /s/ *Ronald R. Peterson*
Ronald R. Peterson

Ronald R. Peterson (2188473)
Michael S. Terrien (6211556)
JENNER & BLOCK, LLP
353 North Clark St.
Chicago, Illinois 60654
PH:    312/222-9350
FAX:  312/527-0484

Dated: January 20, 2010

## **CERTIFICATE OF SERVICE**

I, Ronald R. Peterson, an attorney, certify that, on January 20, 2010, copies of the Notice of Motion and Final Fee Application Of Michele M. Rocawich, As Special Counsel For The Trustee, For Payment Of Compensation For Services Rendered were served upon the attached Service List A by the Court's ECF filing system.  Also, copies of the Notice and Final Fee Application were served, by e-mail, upon the attached Service List B on January 20, 2010.



*/s/ Ronald R. Peterson*
Ronald R. Peterson

## SERVICE LIST A

Lancelot Investors Fund, L.P., *et al.*
c/o Nancy G. Everett
Winston & Strawn LLP
*Through the Court's ECF Filing System*

William T. Neary
United States Trustee
*Through the Court's ECF Filing System*

Banco Popular North America
c/o Mike J. Small Esq.
Foley & LardnerLLP
*Through the Court's ECF Filing System*

Charter One - Loan
c/o Douglas Lipke
Vedder Price
*Through the Court's ECF Filing System*

Lancelot Investment Management, LP
c/o Vincent P. Schmeltz III
Dewey & LeBoeuf LLP
*Through the Court's ECF Filing System*

Nancy G Everett
Winston & Strawn LLP
*Through the Court's ECF Filing System*

ACE USA and Westchester Fire Insurance Co.
c/o Gregory S. Otsuka
*Through the Court's ECF Filing System*

Winston & Strawn
c/o Nancy G. Everett
*Through the Court's ECF Filing System*

Colossus Capital Management, LP
c/o Vincent P. Schmeltz III
Dewey & LeBoeuf LLP
*Through the Court's ECF Filing System*

Daniel B. Asher
c/o Richard G. Ziegler
Mayer Brown LLP
*Through the Court's ECF Filing System*

RBS Citizens N.A.
c/o Doug J. Lipke
Vedder Price
*Through the Court's ECF Filing System*

Victory Park Capital Advisors, LLC
c/o Scott R. Zemnick
*Through the Court's ECF Filing System*

Mesirow Financial Consulting LLC
c/o Nancy A. Peterman
Greenberg Traurig, LLP
*Through the Court's ECF Filing System*

Fox, Hefter, Swibel, Levin & Carroll, LLP
c/o Margaret M. Anderson, Oliver J. Larson,
Ryan Schultz
*Through the Court's ECF Filing System*

Pragma Alternative SGR S.p.a.
c/o Patrick F. Ross
Ungaretti & Harris LLP
*Through the Court's ECF Filing System*

Haley Capital Management, LP
c/o John W. Guzzardo
Shaw Gussis
*Through the Court's ECF Filing System*

Jewish Federation of Metropolitan Chicago
c/o Sara E. Lorber
The Law Office of William J. Factor, Ltd.
*Through the Court's ECF Filing System*

Alpha Transport Platform, Inc.
c/o Paul B. Oflaherty
Cheely, O'Flaherty & Ayres
*Through the Court's ECF Filing System*

1718938.4

| | |
|---|---|
| SHR Holdings, LLC<br>c/o Ethan Ostrow<br>Greenberg Traurig<br>*Through the Court's ECF Filing System* | Daniel Dooley<br>c/o Brian L. Shaw<br>Shaw Gussis<br>*Through the Court's ECF Filing System* |
| Trinity Town Center, LLLP<br>c/o Jason M. Torf<br>Schiff Hardin LLP<br>*Through the Court's ECF Filing System* | Cordell Funding LLLP<br>c/o Thomas C. Wolford<br>Neal Gerber Eisenberg<br>*Through the Court's ECF Filing System* |

1718938.4

## SERVICE LIST B

| | |
|---|---|
| Kermit Sean Claytor | kermit@znet.com |
| Frank Goveia | frank_goveia@mckinsey.com |
| George O'Dowd | godowd@edenrockcm.com |
| Russell Basch | rbasch@nophika.com |
| Matthew Freeman | mfreeman@stillwatercapital.com |
| Jessica Etra | JEtra@willkie.com |
| Neal Greenberg | Greenberg@agilefunds.com |
| Chris Beaulieu | cbeaulieu@ritchiecapital.com |
| Richard Katz | rkatz6810@wowway.com |
| Richard G. Ziegler | rziegler@mayerbrown.com |
| William S. Leavitt | wleavitt@leavittcapital.com |

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| LANCELOT INVESTORS FUND, L.P., *et al.* | ) Case No.  08-28225, *et al.* |
| | ) (Jointly Administered) |
| Debtor. | ) |
| | ) Hon. Jacqueline P. Cox Presiding |

**FINAL FEE APPLICATION OF MICHELE M. ROCAWICH, AS SPECIAL COUNSEL FOR THE TRUSTEE, FOR PAYMENT OF COMPENSATION FOR SERVICES RENDERED**

Michele M. Rocawich ("Rocawich"), special counsel to Ronald R. Peterson, the chapter 7 trustee (the "Trustee") for the bankruptcy estates of each of the debtors in the cases jointly administered in the above captioned case (the "Debtors"), hereby submits this final fee application for payment of compensation for services rendered on behalf of the Debtors' estates (the "Application") seeking allowance and payment of $29,200.44 in fees for services rendered on behalf of debtor RWB Services, LLC ("RWB"), pursuant to sections 328 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), the United States Trustee Fee Guidelines — Guidelines for Reviewing Applications for Compensation and Reimbursement of Disbursements Filed under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58) (the "UST Guidelines"), as well as authorization to receive further compensation pursuant to Rocawich's Court-approved compensation agreement with the Trustee without further notice, hearing, or order of the Court.  In support of this Application, Rocawich hereby states as follows:

## INTRODUCTION

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 328 and 330 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 5082-1, and the UST Guidelines.

## BACKGROUND

3. On October 20, 2008, the Debtors filed petitions for relief under chapter 7 of title 11 of the United States Code (the "Cases"). Thereafter, the United States Trustee for the Northern District of Illinois appointed Ronald R. Peterson as Trustee.

4. The Debtors consist of 19 related entities engaged in the operation of hedge funds. The 19 entities consist of five funds, Lancelot Investors Fund, L.P. ("Lancelot I"), Lancelot Investors Fund II, L.P. ("Lancelot II"), Lancelot Investors Fund, Ltd. ("Lancelot Offshore"), Colossus Onshore and Colossus Capital Fund, Ltd. ("Colossus Offshore," and together with Lancelot I, Lancelot II, Lancelot Offshore, and Colossus Onshore, the "Funds"). The remaining 14 entities are special purpose vehicles, wholly owned by one or more of the Funds, through which the Funds conducted various types of lending transactions.

5. As of October 11, 2008, the Debtors collectively purportedly had assets with a value of approximately $1.8 billion. Of that, approximately $1.444 billion in face amount of the Debtors' purported assets purportedly consisted of loans to or investments in Petters Group Worldwide and related entities (the "Petters Notes").

6.    In addition, as of the Petition Date, the Debtors also held (i) loans in the face amount of approximately $50.304 million due from several "by here/pay here" used car dealerships; (ii) a loan in the face amount of approximately $1.14 million to Symco, an entity that provides maintenance services for check scanning equipment; (iii) participations in thirteen real estate loan facilities with a total face amount of approximately $94.229 million; (iv) loans and receivables on which Petters affiliate Polaroid Corporation or its affiliates are obligated in the approximate face amount of $17.070 million; (v) investments in several other funds with approximate face amounts aggregating to $28.982 million; and (vi) a frozen bank account at Charter One, N.A. in the approximate amount of $6.8 million.[1]

7.    On February 19, 2009, the Court entered an order (docket no. 132) authorizing the retention of Rocawich as the Trustee's special counsel to assist the Trustee in pursuing certain claims held by RWB against Hartford Computer Group, Inc., Anthony Graffia, Sr., Anthony Graffia, Jr., Impero Electronics, LLC, and Argus Camera, LLC (the "Defendants") in a case (the "Action") pending in the United States District Court for the Northern District of Illinois (Case No. 07 C 1073).

8.    The Court's February 19, 2009 order also stated that "[Rocawich] shall be compensated for legal services rendered based on her contingency fee agreement with the Trustee, or pursuant to other order of this Court." As stated in the motion supporting Rocawich's retention, the Trustee entered into a contingency agreement with Rocawich pursuant to which Rocawich is entitled to forty percent (40%) of all proceeds collected on account of the Action. (Docket No. 129).

---

[1] This listing is simply a summary of known assets with the potential for monetization in the near term. It is not intended to be exhaustive. It does not, for example, include contingent recoveries that may arise from claims and causes of action held by the Debtors, or other miscellaneous assets.

3

9. As a result of a mediation with Magistrate Judge Michael Mason, the Trustee and the Defendants reached a settlement (the "Settlement") whereby Defendant Hartford Computer Group, Inc. agreed to pay the estate of RWB $293,000.00 (the "Settlement Payment") for the dismissal of the Action.

10. On November 4, 2009, the Court approved the Settlement (Doc. No. 308).

11. To date, the Trustee has received $73,001.10 of the Settlement Payment.

## PAYMENT AND REIMBURSEMENT REQUESTED

12. Rocawich submits this Application for payment of compensation for actual, reasonable, and necessary professional services performed by her as special counsel for the Trustee. This is Rocawich's first and final application.

13. As noted above, Rocawich and the Trustee have entered into an agreement whereby Rocawich is entitled to 40% of any proceeds realized by the Trustee from the Action. With the assistance of Rocawich, the Trustee settled the Action for the Settlement Amount. As of the filing of this motion, the Trustee has received $73,001.10 of the Settlement Amount. Therefore, Rocawich currently seeks approval of this Application and payment of $29,200.44 (40% of $73,001.10) as compensation for services rendered to the Trustee in accordance with the contingency fee arrangement into between the Trustee and Rocawich.

14. All of the services for which compensation is sought were rendered to the Trustee solely in connection with these Cases, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person. *See* Exhibit A attached hereto.

15. Other than the contingency fee agreement with the Trustee, Rocawich has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

16. Rocawich has not shared, or agreed to share, (a) any compensation she may receive with another party or person, or (b) any compensation another person or party has received or may receive. No promises have been received by Rocawich as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

17. In addition to the requested payment, Rocawich also requests that the Court authorize the Trustee to pay Rocawich 40% of any additional monies the Trustee receives on account of the Settlement pursuant to the contingency fee arrangement entered into by the Trustee and Rocawich, without further notice, hearing or order of the Court.

## **BASIS FOR PAYMENT**

18. Professional services for which compensation are sought were rendered and expended on behalf of the Trustee pursuant to chapter 7 of the Bankruptcy Code. Rocawich believes it is appropriate that she be compensated pursuant to the terms reached with the Trustee and approved by the Court.

19. As set forth in Rocawich's retention application, the Trustee retained Rocawich as special counsel to pursue the Action, which alleged causes of action under the tort theories of conversion, fraud and tortuous interference against the Defendants.

20. Rocawich has performed a wide variety of tasks on the Trustee's behalf in connection with the Trustee's prosecution of the Action. These tasks included drafting discovery requests, conducting legal research, drafting memorandum summarizing the relevant facts and legal issues of the Action, participating in settlement discussions with the Defendants and drafting the settlement agreement.[2]

---

[2] *See* Exhibit A attached hereto.

5

## **THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

21. Section 328(a) of the Bankruptcy Code provides that "[t]he trustee … with the court's approval, may employ … a professional person under section 327 … on any reasonable terms and conditions of employment, including on a … contingent fee basis." In this case, the Court approved the retention of Rocawich pursuant to the contingent fee agreement between Rocawich and the Trustee.

22. Section 328(a) also provides that the Court's previous approval should only be disturbed "if such terms and conditions [of employment] prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions."

23. Here, Rocawich maintains that that the Court-approved settlement of $293,000.00 from causes of action having a value of over $500,000.00 was foreseeable at the time Rocawich was retained.

24. In addition, the professional services rendered by Rocawich were necessary and appropriate to assist the Trustee with the administration of the Action and were in the best interests of RWB and its estate. The 40% contingency fee is also appropriate given the complexity, importance, and nature of the issues and tasks involved in the Action.

25. In sum, the services rendered by Rocawich were necessary and beneficial to the estate of RWB, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the requested relief is warranted.

26. In addition, Rocawich requests authorization for the Trustee to pay Rocawich 40% of any additional funds the Trustee receives on account of the Settlement and in accordance with the contingency fee agreement between the Trustee and Rocawich.

27. Rocawich maintains that such authorization maximizes efficiency and is in the best interest of the Debtors' estates. Any future payment to Rocawich will be based on services already rendered and approved by the Court and pursuant to a Court-approved fee arrangement. Requiring the filing of multiple fee applications for the approval of previously-approved services and a previously approved fee structure would consume estate resources with no discernable benefit to the Debtors' estates or creditors.

28. Therefore, Rocawich respectfully requests that the Court authorize the Trustee to make any future payments to Rocawich, in accordance with the Trustee's contingency fee agreement with Rocawich, without further notice, hearing or order of the Court.

WHEREFORE, Rocawich respectfully requests: allowance of compensation for professional services rendered in the amount of $29,200.44; (ii) authorization for the Trustee to pay Rocawich for the professional services rendered in the amount of $29,200.44; (iii) authorization for the Trustee to pay Rocawich pursuant to the Court-approved contingency fee agreement between the Trustee and Rocawich without further notice, hearing or order of the Court; and (iii) that the Court grant Rocawich such other and further relief as is just.

Dated:  January 20, 2010                Respectfully submitted,

*Michele M. Rocawich*


BY:            /s/ *Michele M. Rocawich*
                    Michele M. Rocawich

Michele Mary Rocawich
534 West Brompton
Chicago, Illinois 60657
PH:    773-327-3169

8