**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| LANCELOT INVESTORS FUND, L.P., *et al.* | ) | Case No. 08-28225, *et al.* |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | Hon. Jacqueline P. Cox Presiding |

**FINAL APPLICATION OF LOWENSTEIN SANDLER LLP, AS SPECIAL COUNSEL FOR THE TRUSTEE, FOR PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD FROM NOVEMBER 14, 2012 THROUGH JANUARY 31, 2014**

Lowenstein Sandler LLP ("Lowenstein Sandler"), special counsel to Ronald R. Peterson, the chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of each of the debtors in the cases jointly administered in the above-captioned case (the "Debtors"), hereby submits this final fee application for payment of final compensation for services rendered and for reimbursement of expenses incurred for the period from November 14, 2012 through January 31, 2014 (the "Final Application") seeking (i) allowance and payment of $277,819.50 in fees, and (ii) reimbursement of $5,885.06 in expenses, for the period from November 14, 2012 through January 31, 2014 (the "Final Application Period"), pursuant to sections 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), the United States Trustee Fee Guidelines—Guidelines for Reviewing Applications for Compensation and Reimbursement of Disbursements Filed under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58) (the "UST Guidelines"), and the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals of this Court dated November 4,

2008 (Docket No. 46, the "Interim Payment Order"). In support of this Final Application, Lowenstein Sandler hereby states as follows:

## INTRODUCTION

1. This Court has jurisdiction over the Final Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 328, 330, and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 5082-1, the UST Guidelines, the Interim Payment Order, and the Supplemental Order (as hereinafter defined).

## BACKGROUND

3. On October 20, 2008, the Debtors filed petitions for relief under chapter 7 of title 11 of the United States Code (the "Cases"). Thereafter, the United States Trustee for the Northern District of Illinois appointed Ronald R. Peterson as Trustee (the "Trustee").

4. The Debtors consist of 19 related entities engaged in the operation of hedge funds. The 19 entities consist of five funds, Lancelot Investors Fund, L.P. ("Lancelot I"), Lancelot Investors Fund II, L.P. ("Lancelot II"), Lancelot Investors Fund, Ltd. ("Lancelot Ltd."), Colossus Capital Fund, LP ("Colossus Onshore"), and Colossus Capital Fund, Ltd. ("Colossus Ltd.," and together with Lancelot I, Lancelot II, Lancelot Ltd., and Colossus Onshore, the "Funds"). The remaining 14 entities are special purpose vehicles, wholly owned by one or more of the Funds, through which the Funds conducted various types of lending transactions.

5. As of October 11, 2008, the Debtors purportedly had collective assets valued at approximately $1.8 billion. Most of the Debtors' supposed assets consisted of notes purchased

from Thousand Lakes, LLC, an entity affiliated with Petters Company, Inc., Petters Group Worldwide, and other Petters-related entities (the "Petters Entities"). The Thousand Lakes notes were issued ostensibly to finance the purchase of consumer electronics for sale to major retailers. However, federal investigations revealed that the notes were issued in connection with a multi-billion dollar Ponzi scheme orchestrated by Petters and his co-conspirators.

6.     On November 4, 2008, the Court entered the Interim Payment Order (Docket No. 46). Pursuant to the Interim Payment Order, the Court established a procedure for interim compensation and reimbursement of expenses for professionals retained by the Trustee in the Cases. In particular, the Court authorized the Trustee to serve notice to certain parties of monthly interim fee statements by professionals retained in the Cases, and to pay out of the estates 80% of fees and 100% of expenses, in the absence of an objection made within fourteen (14) days of service of the pertinent application.

7.     On December 18, 2008, the Court entered an order authorizing the Trustee to make payments to his retained professionals according to the terms of the Interim Payment Order from any unencumbered funds of the Estates (the "Supplemental Order") (Docket No. 103).

8.     Among the Debtors' non-Petters assets were interests in various notes secured by over a dozen pieces of various types of real estate. Collectively, these interests had a face value of approximately $100 million, but the real estate projects underlying them were, in almost all cases, in some state of distress. One of those notes was issued by an entity known as Clearwater Development, Inc. ("CDI") in exchange for financing in connection with a golf course residential community in Colorado (the "Clearwater Note"). The Clearwater Note was secured by the property, guaranteed by certain principals of CDI (the "Guarantors"), and agented by an entity called Kennedy Funding, Inc. ("Kennedy").

3

9. On April 27, 2012, the Trustee filed an adversary complaint (the "Imhoff Adversary") against the Guarantors on their guaranties, and against Kennedy for breach of certain of the inter-lender agreements entered into in connection with the Clearwater Note (Adv. Pro. 12-00715). On June 26, 2012, the Imhoff Adversary was removed to the United States District Court for the Northern District of Illinois (Case No. 12-cv-04579) by order of Hon. James B. Zagel. After briefing on motions to dismiss and venue issues, Judge Zagel ordered the Imhoff Adversary transferred to the United States District Court for the District of New Jersey on January 8, 2013.

10. On December 26, 2012, the Trustee moved the Court to authorize the employment of Lowenstein Sandler as special counsel to the Trustee to handle the prosecution of the Imhoff Adversary in New Jersey (Docket No. 1141).

11. On January 3, 2013, the Court entered an order authorizing the retention of Lowenstein Sandler, *nunc pro tunc*, to November 14, 2012 (Docket No. 1145).

12. Prior to this Final Application, Lowenstein Sandler submitted its First through Third Interim Applications:

    a. On March 13, 2013, Lowenstein Sandler filed its first interim fee application (Docket No. 1191). On April 15, 2013, the Court entered an order awarding Lowenstein Sandler fees in the amount of $35,914.00 and reimbursement of expenses in the amount of $1,287.82 (Docket No. 1223).

    b. On July 11, 2013, Lowenstein Sandler filed its second interim fee application (Docket No. 1262). On August 19, 2013, the Court entered an order awarding Lowenstein Sandler fees in the amount of $76,152.00 and reimbursement of expenses in the amount of $1,507.20 (Docket No. 1287).

c. On October 31, 2013, Lowenstein Sandler filed its third interim fee application (Docket No. 1338). On November 27, 2013, the Court entered an order awarding Lowenstein Sandler fees in the amount of $3,352.00 and reimbursement of expenses in the amount of $22.60 (Docket No. 1356).

13. The following chart summarizes Lowenstein Sandler's requests for interim compensation and the fees and expenses that have been awarded by the Court on an interim basis:

| Application | Period | Fees Requested | Fees Awarded | Expenses Requested | Expenses Awarded |
|---|---|---|---|---|---|
| First Interim Application | 11/14/2012 - 1/31/2013 | $35,914.00 | $35,914.00 | $1,287.82 | $1,287.82 |
| Second Interim Application | 2/1/2013 - 5/31/2013 | $76,152.00 | $76,152.00 | $1,507.20 | $1,507.20 |
| Third Interim Application | 6/1/2013- 9/30/2013 | $3,352.00 | $3,352.00 | $22.60 | $22.60 |
| TOTAL | | $115,418.00 | $115,418.00 | $2,817.62 | $2,817.62 |

14. The following chart summarizes the fees accrued and expenses incurred in the months following the third interim fee application period, i.e., from October 1, 2013 through January 31, 2014 (the "Current Compensation Period"):

| Period | Fees Invoiced | Professional Hours | Expenses Invoiced |
|---|---|---|---|
| October 1-31, 2013 | $4,159.50 | 6.8 | $63.70 |
| November 1-30, 2013 | $58,877.00 | 152.7 | $1,138.92 |
| December 1-31, 2013 | $56,766.50 | 123.9 | $474.60 |
| January 1-31, 2014 | $42,598.50 | 108.5 | $1,390.22 |
| TOTAL | $162,401.50 | 391.9 | $3,067.44 |

15. On January 18, 2013, the Court entered an order authorizing the Estate to enter a settlement with Clearwater loan agent Kennedy (Docket No. 1162). This settlement required

5

Kennedy to resign as loan agent, after which the Trustee and co-lenders agreed to engage MAA, LLC ("MAA") as replacement agent on the Clearwater Loan. Under the Court-approved Clearwater Amended Co-Lenders Agreement, MAA was authorized to intervene as a plaintiff in the Imhoff Adversary. Lowenstein Sandler has represented the Trustee since November 2012, and has recently also taken on the representation MAA, as plaintiff and replacement agent in the Imhoff Adversary.

16. On March 28, 2014, the Court entered an order authorizing the Trustee to advance up to $550,000.00 to fund the Imhoff Adversary, and excusing Lowenstein Sandler from further fee applications as of January 31, 2014 (Docket No. 1401).

17. This fee application is therefore the Final Application.

18. The Final Application seeks total compensation of $277,819.50 for fees incurred and total reimbursement of $5,885.06 for expenses disbursed during the Final Application Period, including $115,418.00 in fees and $2,817.62 in expenses already approved on an interim basis.

**PAYMENT AND REIMBURSEMENT REQUESTED**

19. Lowenstein Sandler submits this Final Application (a) for payment of compensation for actual, reasonable, and necessary professional services performed by it as special counsel to the Trustee during the Final Application Period, and (b) for reimbursement of actual, reasonable, and necessary disbursements made to pay expenses incurred in representing the Trustee during the Final Application Period.

20. During the Final Application Period, Lowenstein Sandler rendered legal services amounting to 661.2 hours of attorney and paraprofessional time to the estates having a value of $277,819.50 in fees, calculated at its usual and customary hourly rate of between $285.00 and $730.00 per hour for attorneys working on this matter, and between $110.00 and $245.00 per

hour for paraprofessionals. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the estates, which has already been eliminated by Lowenstein Sandler. In addition, Lowenstein Sandler made disbursements to pay expenses in the amount of $5,885.06 during the Final Application Period. Lowenstein Sandler has previously been paid $246,139.20 for fees and $5,885.06 for expenses incurred during the Final Application Period.

21. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services in a case not under the Bankruptcy Code.

22. Lowenstein Sandler maintains computerized records of the time spent by all attorneys and paraprofessionals and the expenses incurred in connection with the representation of the Trustee. Copies of these computerized records for time spent on this representation in the Current Compensation Period are attached hereto as Exhibit A.[1]

23. Attached hereto as Exhibit B[2] is a schedule specifying the categories of expenses for which Lowenstein Sandler is seeking reimbursement and the total amount for each such expense category in the Current Compensation Period.

---

[1] Lowenstein Sandler has attached invoices related to the Current Compensation Period only since invoices for the other interim periods within the Final Application Period were included in each of the prior interim fee applications. Lowenstein Sandler will provide copies of the invoices from the prior interim fee applications upon request.

[2] Lowenstein Sandler has provided a schedule specifying the categories of expenses related to the Current Compensation Period only since schedules specifying the categories of expenses for the other interim periods in the Final Application Period were included in each of the prior interim fee applications. Lowenstein Sandler will provide schedules specifying the categories of expenses from the prior interim fee applications upon request.

24. Exhibit C[3] contains copies of receipts for expenses of $25 or more incurred during the Current Compensation Period.

25. All of the services for which final compensation is sought were rendered to the Trustee solely in connection with these Cases, on behalf of the estates, in furtherance of the duties and functions of the Trustee, and not on behalf of any individual creditor or other person.

26. Lowenstein Sandler has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

27. Lowenstein Sandler has not shared, or agreed to share, (a) any compensation it has received or may receive with another party or person, other than with the members, counsel, and associates of the firm, or (b) any compensation another person or party has received or may receive. No promises have been received by Lowenstein Sandler or any member thereof as to compensation in connection with these cases aside from that provided by the Bankruptcy Code.

28. The Trustee has reviewed and approved Lowenstein Sandler's monthly fee statements prior to the filing of this Final Application.

29. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Final Application Period, but were not processed prior to the preparation of the Final Application, Lowenstein Sandler reserves the right to request additional compensation for such services and reimbursement of such expenses.

**BASIS FOR PAYMENT**

---

[3] Lowenstein Sandler has provided copies of receipts for expenses of $25 or more related to the Current Compensation Period only since receipts for expenses of $25 or more for the other interim periods in the Final Application Period were included in each of the prior interim fee applications. Lowenstein Sandler will provide copies of the receipts from the prior interim fee applications upon request.

30. Professional services and expenses for which compensation and reimbursement are sought were rendered and expended on behalf of the Trustee pursuant to chapter 7 of the Bankruptcy Code. Lowenstein Sandler believes it is appropriate that it be compensated for the time spent and reimbursed for the expenses incurred in connection with these matters. All of the fees and expenses sought to be paid or reimbursed in this Final Application were actual, necessary, and reasonable, and benefited the estates and creditors.

31. As set forth in Lowenstein Sandler's retention application, the Trustee retained Lowenstein Sandler as his special counsel for the purpose of advising and representing the Trustee in a litigation matter now venued in the U.S. District Court for the District of New Jersey.

32. Detailed descriptions of the day-to-day services provided in the Current Compensation Period and the time expended performing such services are attached as Exhibit A.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

33. The foregoing professional services rendered during the Final Application Period were necessary and appropriate to assist the Trustee with the administration of the Cases and were in the best interests of the Estates. The compensation requested for the foregoing services is commensurate with the complexity, importance, and nature of the issues and tasks involved. Lowenstein Sandler has taken significant efforts to ensure that its professional services were performed with expedience, in an efficient manner, and without duplication of effort.

34. In preparing this Final Application, Lowenstein Sandler calculated the amount of time spent by its attorneys in performing actual and necessary legal services for the Trustee. That data came directly from computer printouts that are kept on each Lowenstein Sandler client. Time entries are kept on daily logs or on computer hard drives. These entries were in turn used

to produce the time records for this Final Application. Lowenstein Sandler attorneys have reviewed the computer printouts for errors.

35. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

36. In the instant case, Lowenstein Sandler respectfully submits that the services for which it seeks compensation in this Final Application were necessary for and beneficial to the Trustee's efforts in administering the estates, and necessary to and in the best interests of the estates.

37. In sum, the services rendered by Lowenstein Sandler were necessary and beneficial to the estates, and were consistently performed in a manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the final compensation sought herein for the Final Application Period is warranted.

WHEREFORE, Lowenstein Sandler respectfully requests: (i) allowance of compensation for professional services rendered during the Final Application Period in the amount of $277,819.50; (ii) allowance for actual and necessary expenses Lowenstein Sandler incurred during the Final Application Period in the amount of $5,885.06; and (iii) authorization for the Trustee to pay Lowenstein Sandler, to the extent not previously paid, for the professional services rendered and expenses incurred during the Final Application Period.

Dated: April 9, 2014                                Respectfully submitted,

                                                    LOWENSTEIN SANDLER LLP

                                                    BY:   /s/ *Sharon L. Levine*
                                                            Sharon L. Levine

Sharon L. Levine
LOWENSTEIN SANDLER LLP
65 Livingston Avenue
Roseland, NJ 07068
PH:   973/597-2400
slevine@lowenstein.com