## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No.  08-28225, *et al.* |
| LANCELOT INVESTORS FUND, L.P., *et al.* | ) | (Jointly Administered) |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox Presiding |
| | ) | |

**NOTICE OF TWENTY-FIRST AND FINAL FEE APPLICATION OF MESIROW FINANCIAL CONSULTING, LLC, AS FINANCIAL ADVISORS TO THE TRUSTEE, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 21, 2008 THROUGH AUGUST 31, 2015**

TO:     SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on December 3, 2015, we filed the **Twenty-First and Final Fee Application Of Mesirow Financial Consulting, LLC , As Financial Advisor To The Trustee, For Compensation And Reimbursement Of Expenses For the Period From October 21, 2008 Through May 31, 2015**.

JENNER & BLOCK, LLP

BY:             /s/ *Ronald R. Peterson*
                    Ronald R. Peterson

Ronald R. Peterson (2188473)
JENNER & BLOCK, LLP
353 North Clark St.
Chicago, Illinois 60654
PH:     312/222-9350
FAX:   312/527-0484

Dated:  December 3, 2015

<u>**CERTIFICATE OF SERVICE**</u>

I, Ronald R. Peterson certify that, on December 3, 2015, I caused a copy of the foregoing

**Notice of Application** and **Twenty-First and Final Fee Application Of Mesirow Financial**

**Consulting, LLC , As Financial Advisor To The Trustee, For Compensation And**

**Reimbursement Of Expenses For the Period From October 21, 2008 Through August 31,**

**2015** to be served upon the attached Service List by the Court's ECF filing system.


                                                      */s/ Ronald R. Peterson*
                                                        Ronald R. Peterson

# SERVICE LIST A

## Mailing Information for Case 08-28225
## Electronic Mail Notice List

The following is the list of parties who are currently on the list to receive email notice/service for this case.

- R Scott Alsterda    rsalsterda@uhlaw.com
- Margaret M Anderson    panderson@fslc.com,
  cjelks@fslc.com;abouse@fslc.com;bkdocket@fslc.com
- David Audley    audley@chapman.com, benz@chapman.com
- Ronald Barliant    ronald.barliant@goldbergkohn.com,
  kristina.bunker@goldbergkohn.com
- Leslie Allen Bayles    leslie.bayles@bryancave.com
- Stephen T. Bobo    sbobo@reedsmith.com
- Saskia N Bryan    sbryan@llflegal.com
- Timothy R Casey    timothy.casey@dbr.com
- Robert B. Christie    rchristie@hlaw-firm.com, lliabo@hlaw-firm.com;nkmiecik@hlaw-firm.com
- Rosanne Ciambrone    rciambrone@duanemorris.com, jkahane@duanemorris.com
- Scott R Clar    sclar@craneheyman.com,
  mjoberhausen@craneheyman.com;asimon@craneheyman.com
- Nathan F Coco    ncoco@mwe.com
- Mark A Cody    macody@jonesday.com
- William J Connelly    wconnelly@hinshawlaw.com
- Randall A Constantine    rconstantine@mcbenefitslaw.com,
  TTraylor@mcbenefitslaw.com;LCobb@MCBenefitsLaw.com
- Aaron Davis    aaron.davis@bryancave.com, HDocketing@bryancave.com;
  kathryn.flaherty@bryancave.com;thomas.schell@bryancave.com
- Theresa L Davis    tdavis@loeb.com, mjawor@reedsmith.com
- Theresa L Davis    tdavis@reedsmith.com, mjawor@reedsmith.com
- Thomas D Donofrio    tdd@merlolaw.com
- Bruce Dopke    bruce@dopkelaw.com
- William A. Evanoff    wevanoff@sidley.com,
  efilingnotice@sidley.com;mgustafson@sidley.com
- Nancy G Everett    neverett@winston.com, ECF_Bank@winston.com
- Steven M Feder    steve@federlawfirm.com,
  deidre@federlawfirm.com;beckett@federlawfirm.com
- Robert M Fishman    rfishman@shawfishman.com, kjanecki@shawfishman.com
- Kenneth Flaxman    kflaxman@joycelaw.com,
  etjfirmdocket@yahoo.com;yanderson@joycelaw.com
- Marcus D Fruchter    fruchter@sw.com,
  central@sw.com;webster@sw.com;swcourts@yahoo.com
- Sheryl A Fyock    sfyock@llflegal.com
- Aaron Gavant    agavant@mayerbrown.com
- Carol V Gilden    cgilden@cohenmilstein.com

- Adam B Goodman    adam@thegoodmanlawoffices.com
- Brian M. Graham    bmgrahampack@sbcglobal.net
- Douglas M Grom    dgrom@henderson-lyman.com
- Bojan Guzina    bguzina@sidley.com, efilingnotice@sidley.com
- John W Guzzardo    jguzzardo@shawfishman.com, jhampton@shawfishman.com
- Timothy Hardwicke    chefiling@lw.com
- James B Heaton III    jb.heaton@bartlit-beck.com, amanda.saliga@bartlit-beck.com
- Roger J. Higgins    rhiggins@rogerhigginslaw.com
- Timothy W Hoffmann    thoffmann@jonesday.com
- Albert L Hogan    al.hogan@skadden.com,
  chdocket@skadden.com;thoufiq.kutty@skadden.com
- Stephanie K. Hor-Chen    schen@vedderprice.com, ecfdocket@vedderprice.com
- Gregory J Jordan    gjordan@jz-llc.com
- Edward T Joyce    ejoyce@joycelaw.com, tneri@joycelaw.com;rparma@joycelaw.com
- Mohsin N Khambati    mkhambati@dl.com, courtalert@dl.com
- Michael H King    Mking@edwardswildman.com,
  cstrelzyk@edwardswildman.com;ecffilings@edwardswildman.com
- Nicolette N Kmiecik    nkmiecik@henderson-lyman.com
- Thoufiq A Kutty    tkutty@skadden.com, chdocket@skadden.com
- Michael J La Mare    mlamare@sidley.com, efilingnotice@sidley.com
- Hugh P Lambert    amy@lambertandnelson.com
- Oliver J Larson    oliverlarson@hotmail.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Joanne Lee    jlee@foley.com, EKhatchatourian@foley.com;khall@foley.com
- Douglas J. Lipke    dlipke@vedderprice.com, ecfdocket@vedderprice.com
- Sara E Lorber    slorber@wfactorlaw.com,
  gsullivan@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;slorber@ecf.inforuptcy.com
- Michael Luskin    luskin@hugheshubbard.com
- Jeff J Marwil    jmarwil@proskauer.com
- Michael L Molinaro    michael.molinaro@akerman.com, kelley.evans@akerman.com
- Calida A Motley    cmotley@proskauer.com
- Gerald F. Munitz    gmunitz@nealwolflaw.com,
  nwolf@nealwolflaw.com;dwolski@nealwolflaw.com;dgramlich@nealwolflaw.com
- Jill O'Donovan    jodonovan@wwmlawyers.com, kduewerth@wwmlawyers.com
- Paul B O'flaherty    poflaherty@lawchicago.net
- Ethan Ostrow    ostrowe@gtlaw.com
- Gregory Otsuka    gregoryotsuka@paulhastings.com
- Michael W Ott    mott@schiffhardin.com, rkaferly@schiffhardin.com
- Rowena T Parma    rparma@joycelaw.com,
  mcarey@joycelaw.com;ycameron@joycelaw.com
- Felicia Gerber Perlman    fperlman@skadden.com
- Nancy A Peterman    petermann@gtlaw.com,
  ChiBkyDocket@gtlaw.com;greenbergc@gtlaw.com
- Ronald Peterson    rpeterson@jenner.com, lraiford@jenner.com
- Ronald R Peterson    rpeterson@jenner.com,
  rpeterson@ecf.epiqsystems.com;docketing@jenner.com

2

- Richard B. Polony     rpolony@hinshawlaw.com, vlorber@hinshawlaw.com
- Steven J Roeder     sjr@willmont.com, denise@willmont.com
- Patrick F Ross     pfross@uhlaw.com,
  kburde@uhlaw.com;rjanczak@uhlaw.com;sbmiller@uhlaw.com;jtruskusky@uhlaw.com
- Stuart M Rozen     srozen@mayerbrown.com,
  fhyman@mayerbrown.com;mott@mayerbrown.com
- Eliot G Schencker     egs@mkimlaw.com
- Vincent Paul Schmeltz III     vschmeltz@dl.com, jzipfel@btlaw.com;jlennon@btlaw.com
- Ryan T Schultz     rschultz@fslc.com, bkdocket@fslc.com;abouse@fslc.com
- Ryan T Schultz     rschultz@fslc.com, bkdocket@fslc.com;abouse@fslc.com
- Sean T Scott     stscott@mayerbrown.com, mlotito@mayerbrown.com
- David B Shafer     dshafer@jonesday.com
- Brian L Shaw     bshaw100@shawfishman.com, bharrington@shawfishman.com
- Jordan D Shea     jds@willmont.com
- Michael B Slade     mslade@kirkland.com,
  gary.vogt@kirkland.com;cassandra.milleville@kirkland.com
- James B. Sowka     jsowka@seyfarth.com,
  chidocket@seyfarth.com;ctholen@seyfarth.com
- Catherine J Spector     cspector@proskauer.com,
  pchrostek@proskauer.com;prdocketing@proskauer.com;mhagen@proskauer.com
- Howard J Stein     hsteinlaw@aol.com
- Jerry L Switzer     jswitzer@polsinelli.com, chicagodocketing@polsinelli.com
- Michael S Terrien     mterrien@jenner.com,
  shardgrovekoleno@jenner.com;docketing@jenner.com
- Michael S Terrien     mterrien@jenner.com,
  shardgrovekoleno@jenner.com;docketing@jenner.com
- William W Thorsness     wthorsness@vedderprice.com,
  ecfdocket@vedderprice.com;ahesla@vedderprice.com
- Jessica Tovrov     jessica@tovrovlaw.com
- Grayson T Walter     gwalter@proskauer.com
- John R Weiss     jrweiss@duanemorris.com
- John R Weiss     jrweiss@duanemorris.com
- Andrew E Weissman     andrew.weissman@dbr.com
- Neal L Wolf     nwolf@nealwolflaw.com,
  dwolski@muchshelist.com;dgramlich@muchshelist.com;jlenzke@muchshelist.com;jben
  son@muchshelist.com;fdosunmu@muchshelist.com;sholstrom@muchshelist.com
- Travis B Wolfinger     twolfinger@fhslc.com
- Thomas C. Wolford     twolford@ngelaw.com,
  ecfdocket@ngelaw.com;mmirkovic@ngelaw.com
- Derek L Wright     dlwright@foley.com,
  khall@foley.com;dvictor@foley.com;thardy@foley.com
- Scott R Zemnick     szemnick@vpcadvisors.com
- Richard G. Ziegler     rziegler@mayerbrown.com
- Richard G. Ziegler     rziegler@mayerbrown.com
- Jonathan Zinman     jzinman@soluslp.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 7** |
| | ) | |
| **LANCELOT INVESTORS FUND, L.P.,** *et al.,* | ) | **Case No.  08-28225,** *et al.* |
| | ) | **(Jointly Administered)** |
| | ) | |
| Debtor. | ) | **Hon. Jacqueline P. Cox Presiding** |
| | ) | |
| | ) | |

**TWENTY-FIRST AND FINAL FEE APPLICATION
OF MESIROW FINANCIAL CONSULTING, LLC
AS FINANCIAL ADVISORS TO THE TRUSTEE
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM OCTOBER 21, 2008 THROUGH AUGUST 31, 2015**

Mesirow Financial Consulting, LLC ("MFC" or the "Applicant"), financial advisor to

Ronald R. Peterson, the chapter 7 Trustee (the "Trustee") for each of the debtors in the above

captioned jointly administered cases (the "Debtors") hereby files its Twenty-first and Final Fee

Application (the "Application" or "Final Application") for compensation and for reimbursement

of expenses as financial advisors to the Trustee for: (a) allowance of reasonable interim

compensation in the amount of $82,882.50 for 111.4 hours of professional services rendered by

Applicant to the Trustee, (b) reimbursement of $3,692.96 in actual and necessary expenses and

disbursements incurred for the period of June 1, 2015 through August 31, 2015 (this

"Compensation Period") and (c) final approval and allowance of compensation for services

rendered in the amount of $8,629,520.83 and $64,177.41 in expenses incurred during the period

commencing October 21, 2008 through and including August 31, 2015 (the "Final Application

Period").  This Application is filed pursuant to sections 328, 330, and 331 of Title 11 of the

United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 5082-1 of the Local Ruls of the United States

Bankrutpcy Court for the Northern District of Illinois (the "Local Rules"), and Executive Office

of the U.S. Trustee's Guidelines (the "<u>Guidelines</u>") dated March 22, 1995, as amended January

30, 1996.   Attached as **<u>Exhibit A</u>** is a fee application summary sheet as required by the

Guidelines.  In support of this Application, MFC states the following:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction over this matter pursuant to sections 157 and 1334 of

Title 28 of the United States Code ("<u>Title 28</u>").   This matter is a core proceeding within the

meaning of Title 28 section 157(b)(2).

2.      Venue is proper pursuant to sections 1408 and 1409 of Title 28.

3.      The bases for the relief requested herein are sections 105(a). 328, 330, and 331 of

the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016 and Local Rule 5082-1.

<u>**BACKGROUND**</u>

4.      On October 20, 2008 (the "<u>Petition Date</u>"), the above-captioned debtors (the

"<u>Debtors</u>") filed with this Court voluntary petitions for relief under Chapter 7 of the Bankruptcy

Code.  Shortly thereafter, the United States Trustee for the Northern District of Illinois appointed

Ronald R. Peterson as Trustee.

5.      The Debtors consist of 19 related entities engaged in the operation of related

hedge funds or special purpose vehicles.  As of October 11, 2008, the Debtors collectively

purportedly had assets with a value of $1.8 billion and liabilities of $276 million.

6.      Approximately $1.5 billion of the Debtors' assets purportedly consist of loans to

or investments in Petters Group Worldwide and related entities (the "<u>Petters Entities</u>").

7.      On October 3, 2008, Tom Petters, primary manager of the Petters Entities, was arrested and charged in a criminal complaint with mail and wire fraud, money laundering and obstruction of justice for his actions.  Subsequently, several employees of the Petters Entities pleaded guilty for their role in the scheme.

8.      The Petters Entities have sought relief under chapter 11 of the Bankruptcy Code in order to reorganize and/or preserve their operations, sell assets and preserve potential avoidance and claims.  The Petters Entities continue to operate their businesses as debtors-in-possession.

9.      In addition to their investment in the Petters Entities, the Debtors also made risky loans including subprime loans to "buy here/pay here" used car dealerships, and commercial real estate investments.

10.      On October 31, 2008, the Trustee filed an Application to Retain Mesirow Financial Consulting, LLC as Financial Advisors retroactive to October 21, 2008 [Dkt. No. 44] (the "Employment Application").  On November 19, 2008, this Court entered its *Final Order Granting Motion to Retain Mesirow Financial Consulting, LLC* retroactive to October 21, 2008 [Dkt. No. 81] (the "Retention Order").

11.      MFC is a firm offering financial advisory services to financially distressed and troubled companies.  MFC professionals have extensive knowledge and experience in the field of bankruptcy, and are qualified to perform the work required in these cases.

## PREVIOUS APPLICATIONS

12.      On March 2, 2009, MFC filed its *First Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and Reimbursement of Expenses for the period from October 21, 2008 Through January 31, 2009*

[Dkt. No. 138] seeking allowance of fees in the amount of $701,587.50 and actual and necessary expenses in the amount of $18,910.55 for services rendered and reimbursement of actual and necessary expenses incurred by MFC during the period of October 21, 2008 through January 31, 2009.

13.     On March 17, 2009, the Court entered its *Order Granting the First Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from October 20, 2008 through January 31, 2009* [Dkt. No. 168] allowing MFC's fees in the amount of $696,073.50 and actual and necessary expenses in the amount of $18,083.01.

14.     On July 10, 2009, MFC filed its *Second Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and Reimbursement of Expenses for the period from February 1, 2009 through May 31, 2009* [Dkt. No. 219] (the seeking allowance of fees in the amount of $1,024,146.83 and actual and necessary expenses in the amount of $1,354.91 for services rendered and reimbursement of actual and necessary expenses incurred by MFC during the period of February 1, 2009 through May 31, 2009.

15.     On July 21, 2009, the Court entered its *Order Granting the Second Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from February 1, 2009 through May 31, 2009* [Dkt. No. 232] allowing MFC's fees in the amount of $1,023,954.83 and actual and necessary expenses in the amount of $1,262.23.

16.     On December 2, 2009, MFC filed its *Third Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and*

*Reimbursement of Expenses for the period from June 1, 2009 through September 30, 2009* [Dkt. No. 319] seeking allowance of fees in the amount of $929,667.50 and actual and necessary expenses in the amount of $9,597.64 for services rendered and reimbursement of actual and necessary expenses incurred by MFC during the period of June 1, 2009 through September 30, 2009.

17.     On January 12, 2010, the Court entered its *Order Granting the Third Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from June 1, 2009 through September 30, 2009* [Dkt. No. 355] allowing MFC's fees in the amount of $929,667.50 and actual and necessary expenses in the amount of $8,822.57.

18.     On April 1, 2010, MFC filed its *Fourth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and Reimbursement of Expenses for the period from October 1, 2009 through January 31, 2010* [Dkt. No. 411] seeking allowance of fees in the amount of $763,661.00 and actual and necessary expenses in the amount of $3,008.66 for services rendered and reimbursement of actual and necessary expenses incurred by MFC during the period of October 1, 2009 through January 31, 2010.

19.     On May 5, 2010, the Court entered its *Order Granting the Fourth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from October 1, 2010 through January 31, 2010* [Dkt. No. 435] allowing MFC's fees in the amount of $763,661.00 and actual and necessary expenses in the amount of $2,845.96.

20.     On August 27, 2010, MFC filed its *Fifth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and Reimbursement of Expenses for the period from February 1, 2010 through May 31, 2010* [Dkt. No. 474] seeking allowance of fees in the amount of $670,184.50 and actual and necessary expenses in the amount of $4,057.31 for services rendered and reimbursement of actual and necessary expenses incurred by MFC during the period of February 1, 2010 through May 31, 2010.

21.     On September 28, 2010, the Court entered its *Order Granting the Fifth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from February 1, 2010 through May 31, 2010* [Dkt. No. 494] allowing MFC's fees in the amount of $670,184.50 and actual and necessary expenses in the amount of $4,057.31.

22.     On November 5, 2010, MFC filed its *Sixth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and Reimbursement of Expenses for the period from June 1, 2010 through September 30, 2010* [Dkt. No. 600] seeking allowance of fees in the amount of $987,163.25 and actual and necessary expenses in the amount of $5,540.59 for services rendered and reimbursement of actual and necessary expenses incurred by MFC during the period of June 1, 2010 through September 30, 2010.

23.     On December 6, 2010, the Court entered its *Order Granting the Sixth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from June 1, 2010 through*

*September 30, 2010* [Dkt. No. 633] allowing MFC's fees in the amount of $986,915.75 and

actual and necessary expenses in the amount of $5,540.59.

24.      On May 18, 2011, MFC filed its *Seventh Interim Fee Application of Mesirow*

*Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and*

*Reimbursement of Expenses for the period from October 1, 2010 through January 31, 2011* [Dkt.

No. 729] seeking allowance of fees in the amount of $182,819.50 and actual and necessary

expenses in the amount of $868.15 for services rendered and reimbursement of actual and

necessary expenses incurred by MFC during the period of October 1, 2010 through January 31,

2011.

25.      On July 7, 2011, the Court entered its *Order Granting the Seventh Interim Fee*

*Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for*

*Compensation and Reimbursement of Expenses for the Period from October 1, 2010 through*

*January 31, 2011* [Dkt. No. 766] allowing MFC's fees in the amount of $182,819.50 and actual

and necessary expenses in the amount of $868.15.

26.      On September 19, 2011, MFC filed its *Eighth Interim Fee Application of Mesirow*

*Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and*

*Reimbursement of Expenses for the period from February 1, 2011 through May 31, 2011* [Dkt.

No. 817] seeking allowance of fees in the amount of $242,586.25 and actual and necessary

expenses in the amount of $7,448.71 for services rendered and reimbursement of actual and

necessary expenses incurred by MFC during the period of February 1, 2011 through May 31,

2011.

27.      On November 7, 2011, the Court entered its *Order Granting the Eighth Interim*

*Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for*

*Compensation and Reimbursement of Expenses for the Period from February 1, 2011 through May 31, 2011* [Dkt. No. 908] allowing MFC's fees in the amount of $242,586.25 and actual and necessary expenses in the amount of $7,448.71.

28.    On November 16, 2011, MFC filed its *Ninth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and Reimbursement of Expenses for the period from June 1, 2011 through September 30, 2011* [Dkt. No. 928] seeking allowance of fees in the amount of $458,209.00 and actual and necessary expenses in the amount of $0.00 for services rendered and reimbursement of actual and necessary expenses incurred by MFC during the period of June 1, 2011 through September 30, 2011.

29.    On December 23, 2011, the Court entered its *Order Granting the Ninth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from June 1, 2011 through September 31, 2011* [Dkt. No. 960] allowing MFC's fees in the amount of $458,209.00 and actual and necessary expenses in the amount of $0.00.

30.    On May 16, 2012, MFC filed its *Tenth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and Reimbursement of Expenses for the period from October 1, 2011 through January 31, 2012* [Dkt. No. 1013] seeking allowance of fees in the amount of $298,377.00 and actual and necessary expenses in the amount of $0.00 for services rendered and reimbursement of actual and necessary expenses incurred by MFC during the period of October 1, 2011 through January 31, 2012.

31.    On June 22, 2012, the Court entered its *Order Granting the Tenth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from October 1, 2011 through January 31, 2012* [Dkt. No. 1049] allowing MFC's fees in the amount of $298,377.00 and actual and necessary expenses in the amount of $0.00.

32.    On July 30, 2012, MFC filed its *Eleventh Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and Reimbursement of Expenses for the period from February 1, 2012 through May 31, 2012* [Dkt. No. 1070 seeking allowance of fees in the amount of $444,035.50 and actual and necessary expenses in the amount of $0.00 for services rendered and reimbursement of actual and necessary expenses incurred by MFC during the period of February 1, 2012 through May 31, 2012.

33.    On September 5, 2012, the Court entered its *Order Granting the Eleventh Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from February 1, 2012 through May 31, 2012* [Dkt. No. 1087] allowing MFC's fees in the amount of $444,035.00 and actual and necessary expenses in the amount of $0.00.

34.    On November 13, 2012, MFC filed its *Twelfth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and Reimbursement of Expenses for the period from June 1, 2012 through September 30, 2012* [Dkt. No. 1111] seeking allowance of fees in the amount of $314,142.50 and actual and necessary expenses in the amount of $740.06 for services rendered and reimbursement of actual and

necessary expenses incurred by MFC during the period of June 1, 2012 through September 30, 2012.

35.     On December 19, 2012, the Court entered its *Order Granting the Twelfth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from June 1, 2012 through September 30, 2012* [Dkt. No. 1136] allowing MFC's fees in the amount of $314,142.50 and actual and necessary expenses in the amount of $740.06.

36.     On March 13, 2013, MFC filed its *Thirteenth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and Reimbursement of Expenses for the period from October 1, 2012 through January 31, 2013* [Dkt. No. 1187] seeking allowance of fees in the amount of $97,279.00 and actual and necessary expenses in the amount of $1,269.73 for services rendered and reimbursement of actual and necessary expenses incurred by MFC during the period of October 1, 2012 through January 31, 2013.

37.     On April 15, 2013, the Court entered its *Order Granting the Thirteenth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from October 1, 2012 through January 31, 2013* [Dkt. No. 1126] allowing MFC's fees in the amount of $97,279.00 and actual and necessary expenses in the amount of $1,269.73.

38.     On July 11, 2013, MFC filed its *Fourteenth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and Reimbursement of Expenses for the period from February 1, 2013 through May 31, 2013* [Dkt. No. 1259] seeking allowance of fees in the amount of $218,269.50 and actual and necessary

expenses in the amount of $705.82 for services rendered and reimbursement of actual and necessary expenses incurred by MFC during the period of February 1, 2013 through May 31, 2013.

39. On August 19, 2013, the Court entered its *Order Granting the Fourteenth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from February 1, 2013 through May 31, 2013* [Dkt. No.1284] allowing MFC's fees in the amount of $218,269.50 and actual and necessary expenses in the amount of $705.82.

40. On October 31, 2013, MFC filed its *Fifteenth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and Reimbursement of Expenses for the period from June 1, 2013 through September 30, 2013* [Dkt. No. 1335] seeking allowance of fees in the amount of $569,527.00 and actual and necessary expenses in the amount of $6,886.62 for services rendered and reimbursement of actual and necessary expenses incurred by MFC during the period of June 1, 2013 through September 30, 2013.

41. On November 27, 2013, the Court entered its *Order Granting the Fifteenth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from June 1, 2013 through September 30, 2013* [Dkt. No. 1360] allowing MFC's fees in the amount of $569,527.00 and actual and necessary expenses in the amount of $6,886.62.

42. On April 9, 2014, MFC filed its *Sixteenth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and Reimbursement of Expenses for the period from October 1, 2013 through January 31, 2014* [Dkt.

No. 1408] seeking allowance of fees in the amount of $337,799.50 and actual and necessary expenses in the amount of $0 for services rendered and reimbursement of actual and necessary expenses incurred by MFC during the period of October 1, 2013 through January 31, 2014.

43.    On May 15, 2014, the court entered its *Order Granting the Sixteenth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from October 1, 2013 through January 31, 2014* [Dkt. No. 1426] allowing MFC's fees in the amount of $337,799.50 and actual and necessary expenses in the amount of $0.

44.    On August 4, 2014, MFC filed its *Seventeenth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and Reimbursement of Expenses for the period from February 1, 2014 through May 31, 2014* [Dkt. No. 1437] seeking allowance of fees in the amount of $91,536.00 and actual and necessary expenses in the amount of $0 for services rendered and reimbursement of actual and necessary expenses incurred by MFC during the period of February 1, 2014 through May 31, 2014.

45.    On September 15, 2014, the Court entered its *Order Granting the Seventeenth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from February 1, 2014 through May 31, 2014* [Dkt. No. 1445] allowing MFC's fees in the amount of $91,536.00 and actual and necessary expenses in the amount of $0.

46.    On December 5, 2014 MFC filed its *Eighteenth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and Reimbursement of Expenses for the period from June 1, 2014 through September 30, 2014* [Dkt. No. 1500] seeking allowance of fees in the amount of $102,320.50 and actual and necessary

expenses in the amount of $917.79 for services rendered and reimbursement of actual and necessary expenses incurred by MFC during the period of June 1, 2014 through September 30, 2014.

47.     On January 7, 2015, the Court entered its *Order Granting the Eighteenth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from June 1, 2014 through September 30, 2014* [Dkt. No. 1516] allowing MFC's fees in the amount of $102,320.50 and actual and necessary expenses in the amount of $917.79.

48.     On April 6, 2015, MFC filed its *Nineteenth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and Reimbursement of Expenses for the period from October 1, 2014 through January 31, 2015* [Dkt. No. 1552] seeking allowance of fees in the amount of $91,342.00 and actual and necessary expenses in the amount of $1,035.90 for services rendered and reimbursement of actual and necessary expenses incurred by MFC during the period of October 1, 2014 through January 31, 2015.

49.     On May 7, 2015, the Court entered its *Order Granting the Nineteenth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from October 1, 2014 through January 31, 2015* [Dkt. No. 1567] allowing MFC's fees in the amount of $91,342.00 and actual and necessary expenses in the amount of $1,035.90.

50.     On August 25, 2015, MFC filed its *Twentieth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee for Compensation and Reimbursement of Expenses for the period from February 1, 2015 through May 31, 2015* [Dkt.

Page 13

No. 1591] seeking allowance of fees in the amount of $27,938.00 and actual and necessary expenses in the amount of $0 for services rendered and reimbursement of actual and necessary expenses incurred by MFC during the period February 1, 2015 through May 31, 2015.

51.     On October 1, 2015, the court entered its *Order Granting the Twentieth Interim Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Trustee, for Compensation and Reimbursement of Expenses for the Period from February 1, 2014 through May 31, 2015* [Dkt. No. 1615] allowing MFC's fees in the amount of $27,938.00 and actual and necessary expenses in the amount of $0.

52.     The following chart summarizes all of MFC's requests for interim compensation and the fees and expenses that have been awarded by the Court on an interim basis:

| Application | Period | Fees Requested | Fees Awarded | Expenses Requested | Expenses Awarded |
|---|---|---|---|---|---|
| First Interim | 10/21/08 - 01/31/09 | $   701,587.50 | $   696,073.50 | $   18,910.55 | $   18,083.01 |
| Second Interim | 02/01/09 - 05/31/09 | 1,024,146.83 | 1,023,954.83 | 1,354.91 | 1,262.23 |
| Third Interim | 06/01/09 - 09/30/09 | 929,667.50 | 929,667.50 | 9,597.64 | 8,822.57 |
| Fourth Interim | 10/01/09 - 01/31/10 | 763,661.00 | 763,661.00 | 3,008.66 | 2,845.96 |
| Fifth Interim | 02/01/10 - 05/31/10 | 670,184.50 | 670,184.50 | 4,057.31 | 4,057.31 |
| Sixth Interim | 06/01/10 - 09/30/10 | 987,163.25 | 986,915.75 | 5,540.59 | 5,540.59 |
| Seventh Interim | 10/01/10 - 01/31/11 | 182,819.50 | 182,819.50 | 868.15 | 868.15 |
| Eighth Interim | 02/01/11 - 05/31/11 | 244,076.25 | 242,586.25 | 7,448.71 | 7,448.71 |
| Ninth Interim | 06/01/11 - 09/30/11 | 458,209.00 | 458,209.00 | - | - |
| Tenth Interim | 10/01/11 - 01/31/12 | 298,377.00 | 298,377.00 | - | - |
| Eleventh Interim | 02/01/12 - 05/31/12 | 444,035.50 | 444,035.50 | - | - |
| Twelfth Interim | 06/01/12 - 09/30/12 | 314,142.50 | 314,142.50 | 740.06 | 740.06 |
| Thirteenth Interim | 10/01/12 - 01/31/13 | 97,279.00 | 97,279.00 | 1,269.73 | 1,269.73 |
| Fourteenth Interim | 02/01/13 - 05/31/13 | 218,269.50 | 218,269.50 | 705.82 | 705.82 |
| Fifteenth Interim | 06/01/13 - 09/30/13 | 569,527.00 | 569,527.00 | 6,886.62 | 6,886.62 |
| Sixteenth Interim | 10/01/13 - 01/31/14 | 337,799.50 | 337,799.50 | - | - |
| Seventeenth Interim | 02/01/14 - 05/31/14 | 91,536.00 | 91,536.00 | - | - |
| Eighteenth Interim | 06/01/14 - 09/30/14 | 102,320.50 | 102,320.50 | 917.79 | 917.79 |
| Nineteenth Interim | 10/01/14 - 01/31/15 | 91,342.00 | 91,342.00 | 1,035.90 | 1,035.90 |
| Twentieth Interim | 02/01/15 - 05/31/15 | 27,938.00 | 27,938.00 | - | - |
| **TOTAL** | | **$  8,554,081.83** | **$ 8,546,638.33** | **$ 62,342.44** | **$ 60,484.45** |

## FEES AND EXPENSES INCURRED DURING THE PERIOD
## JUNE 1, 2015 THROUGH AUGUST 31, 2015

53.      In accordance with the *Administrative Order pursuant to Title 11 U.S.C. §§*

*105(a), 328, 330 and 331 Establishing Procedures for Interim Compensation and*

*Reimbursement of Expenses of Professionals* [Dkt. No. 46] entered by this Court on November 4,

2008, as supplemented by an order entered on December 18, 2008 [Dkt. No. 103] (collectively,

the "Administrative Order"), all professionals retained in this case are to file with the Court a

quarterly fee application, beginning with the period ending on January 31, 2009, at four-month

intervals thereafter for interim Court approval and allowance, pursuant to section 331 of the

Bankruptcy Code, of the compensation and reimbursement of expenses sought in the monthly fee

statements filed in respect of such four month period.

54.      Applicant has requested in its previous monthly fee statements payment of 80% of

fees and 100% of expenses during the Compensation Period as outlined below:

| Period | Fees | 80% Fees | Expenses | 80% Fees Plus 100% Expenses | Amount Received | Holdback |
|---|---|---|---|---|---|---|
| 06/01/15 - 07/31/15 | $ 63,847.50 | $ 51,078.00 | $ 2,812.47 | $ 53,890.47 | $ 53,890.47 | $ 9,957.03 |
| 08/01/15 - 08/31/15 | $ 19,035.00 | $ 15,228.00 | $ 880.49 | $ 16,108.49 | $ 16,108.49 | $ 2,926.51 |

55.      Attached hereto as **Exhibits B thru B-2** are the hours and fees generated by the

services performed during the Compensation Period and, for each separate project category, a list

of each person providing services on the project, a statement of the number of hours spent and

the amount of compensation requested for each person on the project.

56.      Attached hereto as **Exhibit C** is a summary schedule of actual and necessary

expenses incurred during the Compensation Period.

57.     Detailed daily descriptions of services rendered by each professional during the Compensation Period, including the hours incurred with respect to each task and the resultant fees, have been included with MFC's monthly fee statements.  The Trustee has reviewed and approved MFC's monthly fee statements prior to the filing of this Application.   In accordance with the Administrative Order, attached hereto as **Exhibit D** are copies of Applicant's monthly fee statements covering the Compensation Period.  A redacted copy is being filed with the Court, and an unredacted copy will be served to Judge's Chambers.

58.     Pursuant to Local Rule 5082-1 and prior Rule 607 of the, MFC certifies that this Twenty-first and Final Application complies with the requirements of Local Rule 5082-1 and prior Local Rule 607 regarding these descriptions and in all other material respects.  Summary descriptions of the services performed by category and the related time and gross fees incurred are as follows:

| **CATEGORY** | **HOURS** | **AMOUNT** |
|---|---|---|
| a. *Claims Analysis* | 2.8 | $ 2,506.00 |

This category consists of time spent allocating of revenue and expenses among the Debtors.  This task was undertaken in preparation for a proposed interim distribution.

| | | |
|---|---|---|
| b. *Employment/Fee Applications* | 8.7 | $ 2,580.50 |

MFC prepared the detailed monthly fee statements and its interim fee application, as required, to comply with the Bankruptcy Code, the Bankruptcy Rules, the Guidelines, the Administrative Order and other guidelines governing the payment of professionals in this case.

| | | |
|---|---|---|
| c. *Investigation and Litigation Support* | 31.9 | $25,758.00 |

This category consists of time spent analyzing potential claims that the Trustee may be able to pursue against third parties.  This category is used to track time spent analyzing numerous

transaction-related documents created by the Debtors and various third parties, as well as meetings with the Trustee and his various professionals regarding these analyses. MFC's activities in this category include assisting the Trustee and his counsel with on-going litigation, and evaluating potential causes of action.

     d. *Petters' Estate Claims*     56.0     $46,668.00

This category consists of time spent analyzing potential settlements with the Petters' Trustee and various creditors of Petters' Estate. MFC assisted the Trustee in settlement discussions with creditors of the Petters' Estate. MFC ran multiple analyses to estimate the distribution to the Debtors from the Petters' Estate under multiple scenarios in preparation for the settlement discussions. MFC also assisted the Trustee in preparing for a mediation session with the Petters' Trustee.

     e. <u>*Travel*</u>        12.0     $ 5,370.00

MFC traveled to Chicago and Miami to meet with the Trustee and other professionals regarding Petters' claims.

**Total Hours and Fees**     <u>**111.4**</u>     <u>**$82,882.50**</u>

59. While the above summary of the services rendered by Applicant during the Compensation Period cannot entirely convey the full extent of the services provided to the Trustee, such summary will give this Court a sense of the amount, breadth, and complexity of the work performed by the Applicant and of the results achieved.

60. Applicant spent a total of 111.4 hours during the Compensation Period at an average blended hourly rate of approximately $744. Applicant made every effort to keep the time expended to the lowest amount practicable and to have the work performed by the least expensive professional capable of performing the tasks.

61.     MFC submits that the foregoing services were necessary to the administration of this Chapter 7 case, were necessary and beneficial to the estates at the time such services were rendered, and were performed without unnecessary duplication of effort or expense.  MFC's request for compensation for the foregoing services is reflective of a reasonable and appropriate amount of time expended in performing such services commensurate with the complexity, importance and nature of the problem, issue or task involved.

62.     All professional services and expenses for which an allowance is requested were performed or incurred by Applicant for and on behalf of the Trustee and not on behalf of any other entity or party-in-interest.  The fees and expenses sought by Applicant, except to the extent prohibited by the Guidelines, are billed at rates and in accordance with practices customarily employed by Applicant and generally accepted by Applicant's clients.

63.     Applicant further submits that the professional services rendered as financial advisors to the Trustee have been valuable, necessary and appropriate and have not been duplicative of services performed by other professionals retained in this case.  Applicant believes the compensation sought is fair and reasonable for the professional services provided in light of the complexity of these proceedings.

64.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, Applicant reserves the right to request additional compensation for such services and reimbursement of such expenses.

65.     Applicant incurred actual and necessary out-of-pocket expenses of $3,692.96 during the Compensation Period.  The individual expense record detail supporting the actual and

necessary reimbursements sought is include with Applicant's monthly fee statements as **Exhibit C-1** and is incorporated herein by reference.

66.    During the Compensation Period, other than pursuant to the Administrative Order or other Court order, MFC has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered in this Twenty-first and Final Fee Application.   There is no agreement or understanding between MFC and any person other than members of the firm for the sharing of compensation to be received for services rendered in this case.

67.    On or about July 23, 2015, MFC announced that it would exit the consulting business.  The planned closure of MFC necessitates the Trustee's retention of successor financial advisors.

*68.*    On October 1, 2015, the Trustee filed his *Trustee's Application to Retain Huron Consulting Services LLC as Successor Financial Advisors nunc pro tunc to August 31, 2015* [Dkt. No. 1620].   Through this retention, the Trustee sought to retain Mr. Timothy Martin, who had served as the Trustee's primary contact at MFC as his advisor after Mr. Martin was employed by Huron Consulting Services, LLC ("Huron").   On October 8, 2015, the Court entered its *Order Granting Motion to Retain Huron Consulting Services LLC as Successor Financial Advisors nunc pro tunc to August 31, 2015* [Dkt. No. 1623].

69.    Because MFC is exiting the consulting business and has been replaced on this matter by Huron, this fee application is MFC's Final Application.

WHEREFORE, MFC respectfully requests that the Court: (i) approve and allow compensation for professional services rendered during the Compensation Period in the amount of $82,882.50; (ii) authorize and order the Debtors to pay the balances due to Applicant,

including $12,883.54 for the holdback of fees for the Compensation Period; (iii) final award of all fees and expenses previously awarded on this and prior interim fee applications totaling $8,629,520.83 in fees and $64,177.41 in expenses; and (iv) grant such other and further relief as the Court may deem proper.

Dated:  November 6, 2015

Respectfully submitted:

_____
Susan H. Seabury, Ga. Bar No. 801099
Senior Managing Director and General Counsel
Mesirow Financial Consulting, LLC
1050 Crown Pointe Parkway, Suite 1650
Atlanta, GA 30338
(770) 206-2417

FINANCIAL ADVISORS TO THE TRUSTEE