**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) Case No. 08-28225, *et al.* |
| LANCELOT INVESTORS FUND, L.P., *et al.* | ) (Jointly Administered) |
| | ) |
| Debtor. | ) Hon. Jacqueline P. Cox Presiding |
| _____ | ) Hearing: September 28, 2021 |

**NOTICE OF SEVENTEENTH INTERIM FEE APPLICATION OF
HURON CONSULTING SERVICES, LLC, AS FINANCIAL ADVISORS TO THE TRUSTEE,
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM FEBRUARY 1, 2021 THROUGH MAY 31, 2021**

TO:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on September 28, 2021 at 1 p.m., I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in Judge Cox's place, and present the **Seventeenth Interim Fee Application Of Huron Consulting Services, LLC, As Financial Advisors To The Trustee, For Compensation And Reimbursement Of Expenses For the Period From February 1, 2021 Through May 31, 2021**.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, (1) use this link: https://www.zoomgov.com/. (2) Enter the meeting ID 1612732896. (3) Enter the passcode 778135.

**To appear by telephone**, (1) call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. (2) Enter the meeting ID 1612732896. (3) Enter passcode 778135.

**When prompted identify yourself by stating your full name.**

**To reach Judge Cox's web page** go to www.ilnb.uscourts.gov and click on the tab for Judges.

**If you object to this motion** and want it called on the presentment date above, you may file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may call the matter regardless.

                                        JENNER & BLOCK, LLP

*BY:*        /s/ *Ronald R. Peterson*
                  Ronald R. Peterson

Ronald R. Peterson (2188473)
JENNER & BLOCK, LLP
353 North Clark St.
Chicago, Illinois 60654
PH:    312/222-9350
FAX:  312/527-0484

Dated:  August 26, 2021

2

## **CERTIFICATE OF SERVICE**

I, Ronald R. Peterson certify that, on August 26, 2021, I caused a copy of the foregoing **Notice of Application** and **Seventeenth Interim Fee Application Of Huron Consulting Services, LLC, As Financial Advisors To The Trustee, For Compensation And Reimbursement Of Expenses For the Period From February 1, 2021 Through May 31, 2021** to be served upon the attached Service List by the Court's ECF filing system.



*/s/ Ronald R. Peterson*
Ronald R. Peterson

**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| _____ | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| LANCELOT INVESTORS FUND, L.P., *et al.*, | ) | Case No. 08-28225, *et al.* |
| | ) | (Jointly Administered) |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox Presiding |
| _____ | ) | |

**SEVENTEENTH INTERIM FEE APPLICATION OF HURON CONSULTING
SERVICES, LLC AS FINANCIAL ADVISORS TO THE TRUSTEE
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM FEBRUARY 1, 2021 THROUGH MAY 31, 2021**

Huron Consulting Services, LLC ("Huron" or the "Applicant"), hereby files its Seventeenth Interim Fee Application (the "Application") for Compensation and for Reimbursement of Expenses as Financial Advisors to the Trustee (the "Trustee") for allowance of reasonable interim compensation in the amount of $9,977.50 for 15.7 hours of professional services rendered by Applicant to the Trustee for the period for the period of February 1, 2021 through May 31, 2021 (this "Compensation Period"). Attached as Exhibit A is a fee application summary sheet as required by the Executive Office of the U.S. Trustee's Guidelines (the "Guidelines") dated March 22, 1995, as amended January 30, 1996. In support of this Application, Huron states the following:

**BACKGROUND**

1.    On October 20, 2008 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed with this Court voluntary petitions for relief under Chapter 7 of the Bankruptcy Code. Shortly thereafter, the United States Trustee for the Northern District of Illinois appointed

Ronald R. Peterson as Trustee.

2. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtors' chapter 7 cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are §§ 105(a) and 331 of the Bankruptcy Code.

4. The Debtors consist of 19 related entities engaged in the operation of related hedge funds or special purpose vehicles. As of October 11, 2008, the Debtors collectively purportedly had assets with a value of $1.8 billion and liabilities of $276 million.

5. Approximately $1.5 billion of the Debtors' assets purportedly consist of loans to or investments in Petters Group Worldwide and related entities (the "Petters Entities").

6. On October 3, 2008, Tom Petters, primary manager of the Petters Entities, was arrested and charged in a criminal complaint with mail and wire fraud, money laundering and obstruction of justice for his actions. Subsequently, several employees of the Petters Entities have pleaded guilty for their role in the scheme.

7. The Petters Entities have sought relief under chapter 11 of the Bankruptcy Code in order to reorganize and/or preserve their operations, sell assets and preserve potential avoidance and claims. The Petters Entities continue to operate their businesses as debtors-in-possession.

8. In addition to their investment in the Petters Entities, the Debtors also made risky loans including subprime loans to "buy here/pay here" used car dealerships, and commercial real estate investments.

9. On October 1, 2015, the Trustee filed an Application to Retain Huron Consulting Services, LLC as Financial Advisors retroactive to August 31, 2015 (the "Employment Application"). On

October 8, 2015, this Court entered a Final Order Granting Motion to Retain Huron Consulting Services, LLC retroactive to August 31, 2015 (the "Retention Order").

10.     Huron is a firm offering financial advisory services to financially distressed and troubled companies. Huron professionals have extensive knowledge and experience in the field of bankruptcy, and are qualified to perform the work required in these cases.

### FEES AND EXPENSES INCURRED DURING THE PERIOD FEBRUARY 1, 2021 THROUGH MAY 31, 2021

11.     In accordance with the Administrative Order pursuant to Title 11 U.S.C. §§ 105(a), 328, 330 and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals entered by this Court on November 4, 2008 (the "Administrative Order"), all professionals retained in this case are to file with the Court a quarterly fee application, beginning with the period ending on January 31, 2009, at four-month intervals thereafter for interim Court approval and allowance, pursuant to § 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the monthly fee statements filed in respect of such four month period.

12.     Applicant has requested in its previous monthly fee statements payment of 80% of fees and 100% of expenses during the Compensation Period as outlined below:

| Period | Fees | Expenses | Amount Received | Unpaid Balance |
|---|---|---|---|---|
| 2/1/21 – 3/31/21 | 2,553.00 | - | - | 2,553.00 |
| 4/1/21 - 5/31/21[1] | 7,424.50 | - | - | 7,424.50 |
| Feb 2021 - May 2021 Totals | 9,977.50 | - | - | 9,977.50 |

---

[1] A separate monthly fee statement has not been prepared for April 1 – May 31, 2021.

13. Attached hereto as **Exhibit A** are the names, titles, hourly rates and a summary of hours charged, and the total compensation sought for the professionals whose services are being billed during the Compensation Period in connection with this case.

14. Attached hereto as **Exhibits B thru B-2** are the hours and fees generated by the services performed during the Compensation Period and, for each separate project category, a list of each person providing services on the project, a statement of the number of hours spent and the amount of compensation requested for each person on the project.

15. Attached hereto as **Exhibit C** is a summary schedule of actual and necessary expenses incurred during the Compensation Period. During the current period, Huron did not incur any expenses.

16. Detailed daily descriptions of services rendered by each professional during the Compensation Period, including the hours incurred with respect to each task and the resultant fees, have been included with Huron's monthly fee statements. The Trustee has reviewed and approved Huron's monthly fee statements prior to the filing of this Application. In accordance with the Administrative Order, attached hereto as **Exhibit D** are copies of Applicant's monthly fee statements covering the Compensation Period. A redacted copy is being filed with the Court, and an unredacted copy will be served to Judge's Chambers.

17. Pursuant to Rule 5082-1 and prior Rule 607 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Local Rules"), Huron certifies that this Seventeenth Interim Application complies with the requirements of Local Rule 5082-1 and prior Local Rule 607 regarding these descriptions and in all other material respects. Summary descriptions of the services performed by category and the related time and gross fees incurred are as follows:

| **CATEGORY** | **HOURS** | **AMOUNT** |
|---|---|---|
| *Claims Analysis* | 8.1 | $5,569.50 |

This category consists of time spent allocating revenue and expenses among the Debtors, reviewing claims impacting recoveries to the Debtor's estate, and analyzing possible distribution scenarios by the Debtor's estate. During the current period, Huron reviewed Debtors' cash balances for re-allocation, prepared re-allocation schedules and reviewed claim distribution schedules.

| *Employment / Fee Applications* | 3.7 | $ 2,146.00 |
|---|---|---|

Huron prepared the detailed monthly fee statements and its interim fee application, as required, to comply with the Bankruptcy Code, the Bankruptcy Rules, the Guidelines, the Compensation Procedures and other guidelines governing the payment of professionals in this case.

| *Petters' Estate Claims* | 3.9 | $ 2,262.00 |
|---|---|---|

This category consists of time expending relating to Huron's analyses of the Debtors' claims against the various Petters related estates, preparation of a presentation for the Trustee and discussions with the Trustee regarding these claims. During the current period, Huron prepared an analysis of receipts and allocation to each Debtor with regard to the Debtors' claims against the Petters' estates.

| **Total Hours and Fees** | **15.7** | **$9,977.50** |
|---|---|---|

18. While the above summary of the services rendered by Applicant during the Compensation Period cannot entirely convey the full extent of the services provided to the Trustee, such summary will give this Court a sense of the amount, breadth, and complexity of the work performed by the Applicant and of the results achieved.

19. Applicant expended a total of 15.7 hours during the Compensation Period at an average

blended hourly rate of approximately $635.51. Applicant made every effort to keep the time expended to the lowest amount practicable and to have the work performed by the least expensive professional capable of performing the tasks.

20. Huron submits that the foregoing services were necessary to the administration of this Chapter 7 case, were necessary and beneficial to the estates at the time such services were rendered and were performed without unnecessary duplication of effort or expense. Huron's request for compensation for the foregoing services is reflective of a reasonable and appropriate amount of time expended in performing such services commensurate with the complexity, importance and nature of the problem, issue or task involved.

21. All professional services and expenses for which an allowance is requested were performed or incurred by Applicant for and on behalf of the Trustee and not on behalf of any other entity or party-in-interest. The fees and expenses sought by Applicant, except to the extent prohibited by the Guidelines, are billed at rates and in accordance with practices customarily employed by Applicant and generally accepted by Applicant's clients.

22. Applicant further submits that the professional services rendered as financial advisors to the Trustee have been valuable, necessary and appropriate and have not been duplicative of services performed by other professionals retained in this case. Applicant believes the compensation sought is fair and reasonable for the professional services provided in light of the complexity of these proceedings.

23. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, Applicant reserves the right to request additional compensation for such services and reimbursement of such expenses.

24. Applicant did not incur any actual and necessary out-of-pocket expenses during the Compensation Period.

25. During the Compensation Period, other than pursuant to the Administrative Order, Huron has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered in this Seventeenth Interim Fee Application. There is no agreement or understanding between Huron and any person other than members of the firm for the sharing of compensation to be received for services rendered in this case.

WHEREFORE, Huron respectfully requests that the Court: (i) approve and allow compensation for professional services rendered during the Compensation Period in the amount of $9,977.50; (ii) authorize and order the Debtors to pay the balances due to Applicant, and (iii) grant such other and further relief as the Court may deem proper.

Dated: July 27, 2021

                                              Respectfully submitted:

                                              Timothy Martin, Managing Director
                                              Huron Consulting Services LLC
                                              100 High Street, Suite 2301
                                              Boston, Massachusetts 02110
                                              tmartin@huronconsultinggroup.com

                                              FINANCIAL ADVISORS TO THE TRUSTEE