UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Lancelot Investors Fund, LP,** *et al.*, | **Case No. 08-28225**<br>(Jointly Administered) |
| Debtor. | Honorable Jacqueline P. Cox,<br>United States Bankruptcy Judge |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF AN ORDER AWARDING THE TRUSTEE'S TAX ACCOUNTANTS, ALAN D. LASKO & ASSOCIATES, P.C., ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED IN THE THIRTY-NINTH INTERIM PERIOD OF OCTOBER 1, 2021, THROUGH MAY 31, 2022

### (DOCKET NO. 2245)

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $ 25,773.20 | TOTAL COSTS REQUESTED: | $ 383.80 |
| TOTAL FEES REDUCED: | $ (9,026.60) | TOTAL COSTS REDUCED: | $ (0.00) |
| TOTAL FEES ALLOWED: | $ 16,746.60 | TOTAL COSTS ALLOWED: | $ 383.80 |

### TOTAL FEES AND TOTAL COSTS: $17,130.40

The matter comes before the Court on the thirty-ninth interim fee application of Alan D. Lasko & Associates, P.C. (the "Applicant"), for professional services rendered as tax accountants to the chapter 7 trustee and for reimbursement of expenses incurred from October 1, 2021, through May 31, 2022 (the "Application") (Docket No. 2245). Therefore, upon the record herein, and only after due deliberation hereto, for cause appearing in the Application, the total fees requested by Applicant in the amount of $25,773.20 for services rendered as tax accountants to the chapter 7 trustee, it is **HEREBY ORDERED** that the Application is **DISALLOWED** in the amount of $9,026.60.

The disallowance in the amount of $9,026.20 is twofold. First, the Court disallowed $8,825.00 from the total fees requested by Applicant because it appears to be a computational or typographical error. Where there are two identical entries (*i.e.*, same day, same tasks, same time billed, etc.), the Court will consider one of the entries a typographical error. *Compare* Docket No. 2455, p. 7 of 104, ¶ 24 (summarizing professional services rendered as to "[t]ax [p]reparation" that "[t]he Applicant has incurred **51.7** hours . . .") (emphasis added); *with Id.*, p. 10 of 104, ¶ 25 (summarizing professional services rendered for all project billing categories, and as to "[t]ax [p]reparation" that Applicant has incurred "**87.2**" hours at a blended rate of $248.59 totaling an amount of $21,677.10) (emphasis added). It therefore goes without saying that professionals, which includes tax accountants, should not expect a bankruptcy court to tabulate fee awards from disorganized masses of raw data. *See, e.g., In re Windstream Holdings, Inc.*, 627 B.R. 32, 59 (Bankr. S.D.N.Y. 2021) (finding that the records of claimed fees were "not broken out incrementally by task performed" and were "insufficiently detailed to enable meaningful review");

*see also In re Rhodes*, 563 B.R. 380, 389 (Bankr. M.D. Fla. 2017) ("Accountant's fees are subject to the same standard of review applied to requests for attorneys' fees."); *In re UDC Homes, Inc.*, 203 B.R. 218 (Bankr. D. Del. 1996) (financial advisors); *In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13 (Bankr. S.D.N.Y. 1991) (same); *In re American Int'l Airways, Inc.*, 69 B.R. 396 (Bankr. E.D. Pa. 1987) (accountants are held to the same standard as attorneys in substantiating fee applications). As a result, the Court disallowed $8,825.00, which represents the delta amongst the typographical error of 51.7 hours and 87.2 hours, from the total fees requested.

Second, the Court disallowed $201.60 from the total fees requested because those fees accrued as of August 2022 and therefore fall outside the instant interim period as set forth in the Application. Consequently, the Court disallowed this portion from the total fees requested.

In light of the foregoing, it is **HEREBY ORDERED** that the Application is **GRANTED**, in part, and **DISALLOWED**, in part, as follows:

1. The Applicant is hereby allowed fees in the amount of $16,746.60 for professional services rendered to the chapter 7 trustee and reimbursement in the amount of $383.80 for expenses incurred during the thirty-ninth (39) interim period of October 31, 2021, through May 31, 2022, in connection with the above-captioned cases.

2. The chapter 7 trustee is authorized to pay the Applicant for the professional services rendered and expenses incurred during the nineteenth interim period that have not yet been paid.

3. The Court shall retain jurisdiction to hear and determine all matters arising from implementing this Order or Application hereto.

**IT IS ORDERED** as set forth below:

Date: **October 20, 2022**            By the Court:  _____

Honorable Jacqueline P. Cox,
**United States Bankruptcy Judge**