UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | BK No.:   08-28225, *et al.* |
| | ) | (Jointly Administered) |
| LANCELOT INVESTORS FUND, L.P., | ) | |
| et al., | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | Honorable Jacqueline Cox |

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF AN ORDER AWARDING THE TRUSTEE'S COUNSEL,
JENNER & BLOCK LLP, ALLOWANCE AND PAYMENT OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED IN THE
FORTIETH INTERIM PERIOD OF JUNE 1, 2022 THROUGH JANUARY 31, 2023

(DOCKET NO. 2279)

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $ 209,877.00 | TOTAL COSTS REQUESTED: | $ 80,083.01 |
| TOTAL FEES REDUCED: | $ (0.00) | TOTAL COSTS REDUCED: | $ (1,800.98) |
| TOTAL FEES ALLOWED: | $ 209,877.00 | TOTAL COSTS ALLOWED: | $ 78,282.03 |

TOTAL FEES AND TOTAL COSTS: $ 288,159.03

This matter comes before the Court on the fortieth interim fee application of Jenner & Block LLP (the "Applicant") for payment of interim compensation for professional services rendered as counsel to the chapter 7 trustee and for reimbursement of expenses incurred for the period from June 1, 2022 through January 31, 2023 (the "Fortieth Application") (Docket No. 2279). Therefore, upon the record herein, and only after due deliberation hereto, for cause appearing in the Fortieth Application, the total expenses requested by Applicant in the amount of $80,083.01 for expenses incurred as counsel to the chapter 7 trustee, it is HEREBY ORDERED that the Application is DISALLOWED in the amount of $1,800.98 (the "disallowed expenses").

The disallowance in the amount of $1,800.98 is for the following expenses: (1) $166.05 for "Westlaw Research" incurred on July 31, 2022; (2) $836.00 for a "B&W Copy" incurred on September 14, 2022; (3) $571.87 for a "Postage Expense" incurred on September 15, 2022; and (4) the following copy expenses incurred on November 14, 2022: (a) $216.50 for a "Color Copy"; (b) $7.26 for a "B&W Copy"; and (c) $3.30 for a "B&W Copy." *See* Fortieth Application (Docket No. 2279) (part 8), Exhibit E (July 2022 Expenses, p. 5; September 2022 Expenses p. 6: November 2022 expenses, p. 6) (at PDF pp. 2, 6, 10)).

### I. Rationale for the Disallowed Expenses

"With regard to expense reimbursement, a fee application should include a detailed itemization of the expenses for which reimbursement is sought, including the date the expense was incurred, the type of expense, and the amount." *In re Eckert*, 414 B.R. 404, 414-15 (Bankr. N.D. Ill. 2009) (citing *In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987)). The burden is on the applicant to establish that it is entitled to reimbursement of expenses. *Id.* at 415 (citing *In re Convent Guardian Corp.*, 103 B.R. 937, 939 (Bankr. N.D. Ill. 1989)). For reimbursement purposes, an expense is "necessary" if "it was incurred because it was required to accomplish proper representation of the client." *Id.* (citing *In re Wildman*, 72 B.R. at 731). The

Court does not permit reimbursement for expenses that were not actually and necessarily incurred by the applicant. *See* 11 U.S.C. §§ 330(a)(1)(B) & 331.

The Court needs sufficient information about an expense to determine whether it is reasonable or necessary, which may include information about "why" the expense was charged or "what" the expense was used for. *See In re Earl Gaudio & Son, Inc.*, No. 13-90942, 2018 WL 3388917, at *16 (Bankr. C.D. Ill. July 10, 2018). For instance, *In re Earl Gaudio & Son, Inc.*, the Court denied reimbursement of an expense for a subpoena where there was "no information that would tie the expense to a particular matter," denied reimbursement of courier expenses because applicant failed to provide information about why the courier expenses were incurred or what a courier was used for, and denied "unspecified 'postage expenses.'" *Id.* at *15-16. Similarly, here, as explained in more detail below, the aforementioned expenses (totaling $1,800.98) are denied because insufficient details about these expenses was provided to determine if they were reasonable and necessary.

## 1. Research Expense

When seeking reimbursement for legal research expenses, "[t]he nature and purpose of the legal research should be noted" and "the entry should indicate what matter the material sought will be used in." *In re Wildman*, 72 B.R. at 708. "Entries of 'research,' 'legal research' or 'bankruptcy research' are insufficient." *Id.* (citing *In re Four Star Terminals, Inc.*, 42 B.R. 419, 435 (Bankr. D. Alaska 1984)); *see also In re Eckert*, 414 B.R. at 415; *Cf. In Matter of Meier*, No. 14 B 10105, 2015 WL 1756775, at *6 (Bankr. N.D. Ill. Apr. 13, 2015) (sustaining creditor's objections to time entries for "research" where the need or purpose for the research was not explained in the fee application at issue).

For example, in *In re Eckert*, the Court denied expenses for computer research where, as here, the only details given were the "date the research was performed and the amount incurred." 414 B.R. at 415. The Court reasoned that without additional information, like "the nature of the topics researched and how the research was pertinent to the case," the Court could not determine whether the expenses were reasonable and necessary. *Id.* The Westlaw Research expense is denied on the same basis.

## 2. Postage and Photocopying Expenses

Overhead expenses, defined as expenses "incurred by the firm on a day-to-day basis, no matter whom it represents," are generally not reimbursable. *See In re Thacker*, 48 B.R. 161, 165 (Bankr. N.D. Ill. 1985). Some courts have held that overhead expenses "include routine photocopying, incidental postage (including overnight mailing), use of a fax machine, law office software, secretarial services, and general office supplies." *In re Vancil Contracting, Inc.*, No. 06-71254, 2008 WL 207533, at *6 (Bankr. C.D. Ill. Jan. 25, 2008); *see In Re Nave*, No. 13-72140, 2016 WL 1254688, at *10 (Bankr. C.D. Ill. Mar. 30, 2016) (citations omitted) ("The holding of *Vancil* regarding reimbursable expenses remains the Court's position."); *In re Earl Gaudio & Son, Inc.*, 2018 WL 3388917, at *17.

"Reimbursable expenses include 'actual copy and postage expenses where a significant task relating to the representation of the client (e.g., the copying and mailing of a Chapter 11 plan, disclosure statement, and ballots to a number of creditors) is involved.'" *In re Nave*, 2016 WL 1254688, at *9 (citing *In re Vancil Contracting, Inc.*, 2008 WL 207533, at *7). In *In re Nave*, the court reasoned that reimbursable expenses may also include Chapter 7 trustees' expenses "for significant copying and mailing expenses associated with sending notices of intent to sell, applications for compensation, requests for the approval of final reports, and the like." *Id.* In *In re Nave*, the court explained that "[r]outine copying and mailing costs associated with sending a letter or something similar are not reimbursable; significant copying and mailing costs incurred when a document must be served on the entire mailing matrix or, at least, on a significant number of creditors or parties in interest, are reimbursable." *Id.* at *10.

Following the reasoning in *In re Nave*, the aforementioned photocopy expenses incurred on September 14, 2022 and November 14, 2022 are denied. *Id.* The fee application fails to demonstrate that

these expenses for photocopies were actual out-of-pocket disbursements and that the quoted rates were necessary in light of prevailing (and potentially lower) commercial rates. In the absence of such proof, the Court will allow reimbursement of photocopy expenses at a rate of $0.10 per page in accordance with prevailing commercial rates.

Moreover, this district has held that "absent extraordinary circumstances," postage charges are overhead and thus not compensable. *In re Convent Guardian Corp.*, 103 B.R. 937, 940 (Bankr. N.D. Ill. 1989)); *see also In re Earl Gaudio & Son, Inc.*, 2018 WL 3388917, at *17 (citing *In re Nave*, 2016 WL 1254688, at *10)).

Applying this same rule, the Bankruptcy Court for the Central District of Illinois denied postage expenses where no extraordinary circumstances were shown and the postage expenses were "described in only generic terms." *In re Earl Gaudio & Son, Inc.*, 2018 WL 3388917, at *17 (citing *In re Nave*, 2016 WL 1254688, at *10)). Similarly, this unspecified postage expense is denied for the same reason.

## II. The Allowed Fees and Expenses

In light of the foregoing, it is HEREBY ORDERED that the Fortieth Application (Docket No. 2279) is GRANTED in part and DISALLOWED in part, as follows:

1. The Applicant is hereby allowed fees in the amount of $209,877.00 for professional services rendered as counsel to the chapter 7 trustee and reimbursement in the amount of $78,282.03 for expenses incurred during the fortieth interim period of June 1, 2022 through January 31, 2023, in connection with the above-captioned case.

2. The chapter 7 trustee is authorized to pay the Applicant for the professional services rendered and expenses incurred during the fortieth interim period that have not yet been paid.

3. The Court shall retain jurisdiction arising from implementing the Order or Fortieth Application.

**Date**: April 20, 2023

**Enter**: _____

Hon. Jacqueline P. Cox
United States Bankruptcy Judge